### FORD LIFE INSURANCE COMPANY & FORD MOTOR CREDIT COMPANY *v.* Hon. Olan PARKER, Jr., Circuit Judge

82-147                                      644 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered December 6, 1982

*Smith & Nixon,* by: *W. R. Nixon, Jr.,* for petitioners.

*Steve Clark,* Atty. Gen., by: *Jeffrey A. Bell,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. This case was originally filed against petitioners, Ford Life Insurance Company and Ford Motor Credit Company, in circuit court. Petitioners then removed the case to federal district court. After discovery in federal court, the plaintiff took a voluntary nonsuit and refiled the case in circuit court against petitioners and additional resident defendants. Defective summonses were issued and served upon petitioners. The summonses were defective because they advised petitioners that they had 20 days to answer instead of the 30 days allowed to out-of-state defendants, and they advised them to serve their answers on plaintiff's attorney instead of filing them with the court clerk. The trial court refused to quash the summonses. Petitioners now seek a writ of prohibition to prevent the trial court from exercising jurisdiction. Jurisdiction to hear the petition for the writ of prohibition is in this Court pursuant to Rule 29 (1) (f). We deny the petition.

The form of summons is governed by ARCP Rule 4 (b) which provides as follows:

Form: The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the Court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any; otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a

pleading, and defend and shall notify him that in case of his failure to do so, judgment by default will be entered against him for the relief demanded in the complaint.

The summonses are clearly defective and voidable. *Tucker* v. *Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982). However, the trial court in a detailed finding of fact found there was no prejudice to the petitioners and refused to quash the summonses. We agree. The petitioners' counsel timely appeared specially and properly filed motions in an effort to have the defective summonses quashed and alternatively filed timely answers. The petitioners have not been denied either notice or an opportunity to be heard. They have not been misled by the defective summonses. There is no prejudice to petitioners. The error is harmless. Under these circumstances, the petition should be denied. *George* v. *Jernigan, Judge,* 262 Ark. 610, 560 S.W.2d 221 (1978).

Petition denied.