## FARM BUREAU MUTUAL INSURANCE COMPANY *v.*
### Winston CAMPBELL and Sharon Campbell

92-1458                                    865 S.W.2d 643

Supreme Court of Arkansas
Opinion delivered November 15, 1993

*David Hodges*, for appellant.

*Tom Garner* and *Larry Dean Kissee*, for appellees.

TOM GLAZE, Justice. This case on appeal largely centers upon appellant Farm Bureau Mutual Insurance Company's motion to dismiss and its Rule 12(b) defenses of insufficiency of process and lack of personal jurisdiction, and whether Farm Bureau in some manner waived these defenses below. Farm Bureau also asserted below that Rule 11 sanctions or penalty and attorneys' fees under Ark. Code Ann. § 16-22-309 (Supp. 1993) should have been imposed against the Campbells.

Based upon Farm Bureau's showing that the Campbells failed to obtain service of process on it within 120 days after having filed their complaint, the trial judge dismissed the Campbells' cause without prejudice, but held their complaint was not time-barred. The judge further denied Farm Bureau's request for Rule 11 sanctions. Farm Bureau appealed the judge's adverse holding on the sanction issues, and the Campbells cross-appealed, claiming the trial judge erred in failing to find Farm Bureau had waived service of process and was estopped to object to the manner in which service was made. We affirm the trial court on all issues.

We first consider the trial court's dismissal of the Camp-

bells' lawsuit under ARCP Rule 4(i). Rule 4(i) provides that, if service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. In deciding this issue, we must set out this case's procedural history.

On January 7, 1988, the Campbells' son was killed in an accident involving a motor vehicle insured by Farm Bureau. On January 11, 1988, Farm Bureau's representative went to the Campbells' home and obtained a signed release in exchange for giving the Campbells a check for $20,000. The Campbells filed suit on June 20, 1989, and later amended their complaint to include Farm Bureau, wherein they alleged Farm Bureau was liable for fraud, intentional misrepresentation, tort of outrage and intentional infliction of emotional distress. The Campbells took a voluntary nonsuit on September 10, 1990, but refiled their suit against Farm Bureau on September 9, 1991, and this time alleged only infliction of emotional distress and tort of outrage. In refiling their suit, the Campbells mistakenly thought Farm Bureau was a foreign corporation, and as a consequence served only the secretary of state. The Campbells mailed a courtesy copy of their complaint, without summons, to Farm Bureau's attorney. The Campbells later learned Farm Bureau was a domestic business with a designated agent, but no complaint and summons was ever served on that agent as required by ARCP Rule 4.

Following ARCP Rule 12(b), Farm Bureau's attorney filed a responsive pleading to the Campbells' complaint, wherein it denied the allegations in the Campbells' complaint, but at the same time, reserved its objections to the court's lack of jurisdiction and the Campbells' insufficient service of process. Farm Bureau propounded interrogatories to the Campbells the same day it filed its response, and the Campbells later submitted their interrogatories to Farm Bureau. Farm Bureau requested and was granted an extension to answer the Campbells' interrogatories. The parties later exchanged responses to their respective interrogatory requests. In addition, Farm Bureau filed an amended answer, acknowledging the Campbells had paid the costs incurred in their initial, nonsuited action, but maintained its position that the Campbells' second suit should still be dismissed because they failed to pay the earlier incurred court costs prior to filing this new suit.

About six months after the Campbells filed this second law-suit, Farm Bureau filed a separate motion to dismiss, and after exchanging answers for requests for admissions, the court held a hearing on Farm Bureau's motion which the trial court eventually granted. In an excellent analysis of the pertinent facts and controlling rules of procedure, the trial court set out its reasons for granting dismissal as follows:

> Farm Bureau also seeks to dismiss the Campbells' complaint for lack of jurisdiction over Farm Bureau for failure of the Campbells to serve summons on Farm Bureau within 120 days after filing of the complaint. Farm Bureau relies on Rule 4(i) of the Arkansas Rules of Civil Procedure, which provides:
>
> > (i) Time Limit for Service: If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative.
>
> Farm Bureau has raised this ground for dismissal in paragraph 9 of its answer to complaint filed on September 26, 1991.
>
> The Campbells admit that no service of summons was made on Don Alpe, agent for Farm Bureau. However, they claim that Farm Bureau has waived this ground for dismissal by filing an answer to the complaint and by its filing of an amendment to answer.
>
> Rule 12 of the A.R.C.P. governs Defense and Objections — When and How Presented. Rule 12(b) provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto, except that the following defenses may, at the option of the pleader, be made by motion: (2) lack of jurisdiction over the person, and (5) insufficiency of service of process. Rule 12(h) governs Waiver or Preservation of Certain Defenses. It provides that a defense of lack of jurisdiction over the person or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in the

subsection (g), or (B) if it is neither made by motion under this rule nor included in the original responsive pleading.

Farm Bureau has elected the option of asserting the defense of lack of jurisdiction of the person and insufficiency of service of process in its original responsive pleading. Under Rule 12(h), it has preserved these defenses by including them in its original responsive pleading. .

The service of process on the defendant in any civil case provides jurisdiction to the court that issues the process. Jurisdiction can be obtained by the defendant entering his appearance and submitting to the jurisdiction of the court. Farm Bureau has filed an answer herein, but has specifically reserved the objection to the jurisdiction of the person and the insufficiency of service of process.

It appears that this may be a trap for the unwary and that the Campbells may have been lulled to sleep by Farm Bureau's answering the complaint and then proceeding with discovery by filing interrogatories to the Campbells on September 26, 1991, simultaneous to the filing of an answer. Be that as it may, no service was made on Farm Bureau within 120 days after the filing of the complaint. Farm Bureau has made and preserved its objection to jurisdiction of the person and insufficiency of the service of process. Rule 4(i) provides that it is mandatory that the action shall be dismissed without prejudice if the service of summons on the defendant is not made within 120 days after the filing of the complaint. It appears that the court does not have a choice in this matter.

As set out above, the trial court correctly found Farm Bureau had followed the provisions in Rule 4 to preserve its defenses. Nevertheless, the Campbells specifically argue on appeal that Farm Bureau waived its defenses because of its proceeding with discovery procedures and amending its original response without reasserting its defenses. The Campbells' argument is wrong for several reasons not mentioned in the trial court's discussion above.

■ First, nowhere in our Rules of Civil Procedure is there a requirement that compelled Farm Bureau to reallege its defens-

es. Rather, as was the situation here, Farm Bureau was permitted under ARCP Rule 15(d) to file a supplemental answer that dealt with an event which had occurred since having filed its original answer in this suit — Farm Bureau answered stating the Campbells had recently paid Farm Bureau its court costs which the company had incurred in the first lawsuit.

■ Second, the Campbells, as noted by the trial court, may well have been lulled into believing Farm Bureau intended to defend the suit on its merits because Farm Bureau participated in discovery procedures. Nonetheless, this court has specifically held that in deciding whether a defendant has waived his rights and entered his appearance, the determining factor is whether the defendant seeks affirmative relief, that is, whether the pleading filed is more than a defensive action. *Storey* v. *Brewer*, 232 Ark. 558, 339 S.W.2d 104 (1960). An example of such affirmative action is where a defendant filed a cross-complaint. *See Utley* v. *Heckinger*, 235 Ark. 780, 362 S.W.2d 13 (1962); *Burton* v. *Sanders*, 230 Ark. 67, 321 S.W.2d 209 (1959); *Nichols* v. *Lea*, 216 Ark. 388, 225 S.W.2d 684 (1950), and *Federal Land Bank of St. Louis* v. *Gladish*, 176 Ark. 267, 2 S.W.2d 696 (1928); *see also Divelbliss* v. *Suchor*, 311 Ark. 8, 842 S.W.2d 845 (1992). Here, Farm Bureau asked for no affirmative relief.

■ Third, although this court has said that a defendant may, by his conduct, be estopped to object to the manner in which service is made, the court also cautioned that estoppel does not apply where the defect in the summons itself is so substantial as to render the process void. *Storey*, 232 Ark. 558, 339 S.W.2d 104. Here, as discussed in the trial court's findings set out hereinabove, the Campbells admitted that no service of summons whatever was made on Farm Bureau, thus, estoppel simply is inapplicable in these circumstances. For the reasons given above, we hold the trial court was clearly correct in dismissing the Campbells' complaint for insufficiency of process.

■ We now turn to Farm Bureau's contention that the trial court erred in failing to impose Rule 11 sanctions against the Campbells. Under Rule 11, an attorney signing a pleading, motion, or other paper on behalf of a party constitutes a certificate that (1) the attorney made a reasonable inquiry into the facts supporting the document or pleading, (2) he or she made a rea-

sonable inquiry to the law supporting the document to ensure that it is warranted by existing law or a good faith argument for extension, modification, or reversal of existing law, and (3) the attorney did not interpose the document for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Ward* v. *Dapper Dan Cleaners & Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992). Farm Bureau argues the Campbells continued unnecessarily to litigate this case after learning it had failed to serve Farm Bureau properly. Farm Bureau also argues it is entitled to penalty and attorneys' fees under Ark. Code Ann. § 16-22-309 (Supp. 1993) because there was a complete absence of a justiciable issue of law or fact in the Campbells' action. There is no merit to Farm Bureau's arguments.

Of course, we ultimately agree in this appeal with Farm Bureau's view that the Campbells' complaint was properly dismissed under Rule 4. Nonetheless, it is obvious from the parties' arguments below, the trial court's thorough opinion and the parties' written briefs on appeal that the Campbells made a reasonable inquiry into the facts and law and a good faith argument that Farm Bureau had waived its Rule 12(b) defenses below. In this respect, Farm Bureau, the party asking for Rule 11 sanctions, had the burden of proving a violation of the rule, and Farm Bureau failed in meeting that burden. In sum, the trial court did not abuse its discretion in denying those sanctions. *Ward*, 309 Ark. 192, 828 S.W.2d 833.

In seeking sanctions, Farm Bureau also offers a second but rather obscure argument why the trial court erred in refusing them.[1] It urges that, in their first lawsuit in 1990, the Campbells failed to sufficiently allege facts constituting the torts of intentional infliction of emotion distress and outrage, and by the time they filed their second complaint on September 9, 1991, under the savings provision of Ark. Code Ann. § 16-56-126 (1987), the applicable three-year statute of limitations had run since the alleged cause of action arose on January 11, 1988. Interestingly,

---

[1] Farm Bureau offered on appeal yet another reason for imposing sanctions which was a theory premised upon the case of *Green* v. *Wiggins*, 304 Ark. 484, 803 W.W.2d 536 (1991). Because this theory was not presented to the trial court, we do not consider such new argument on appeal.

Farm Bureau did not argue this statute of limitations issue as a ground to dismiss the Campbells' complaint, but instead stated it as a reason for the court to impose sanctions. Farm Bureau seems to suggest that, if the Campbells had made a reasonable inquiry into the facts and law, they would have realized their cause of action had expired, but instead litigated the action anyway. We do not agree, and in disagreeing, point out that none of the cases cited by Farm Bureau support such a view. Farm Bureau's position in this respect is novel and not a legal theory the Campbells, upon reasonable inquiry, could have believed precluded their pursuing their cause of action against Farm Bureau.

For the reasons above, we affirm the trial court on direct and cross-appeal.