SOUTHERN TRANSIT COMPANY, Inc. *v.* Eugene COLLUMS

97-967 966 S.W.2d 906

Supreme Court of Arkansas
Opinion delivered May 7, 1998

*McKenzie, McRae, Vasser & Barber*, by: *James H. McKenzie*, for appellant.

*Gary Eubanks & Associates*, by: *Robert S. Tschiemer* and *William Gary Holt*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Southern Transit Co. Inc., challenges a default judgment that was entered in favor of the appellee, Eugene Collums, on the issue of liability. We affirm.

Eugene Collums collided with a truck owned by the Southern Transit Company, and operated by its employee, Bruce Peek. On February 26, 1997, Collums filed a negligence action against

Southern Transit and Bruce Peek for the injuries he sustained during the accident. Collums then sent by certified mail a copy of the complaint, the summons, and several discovery requests to Southern Transit's agent for service. The summons correctly listed Southern Transit and Bruce Peek as the defendants, but it was improperly directed to Defendant Bruce Peek instead of Southern Transit. On March 7, 1997, Southern Transit's agent for service received the certified mail and signed the return receipt.

On April 2, 1997, Collums gave Southern Transit a thirty-day extension to file an answer to the complaint. When Southern Transit failed to file its answer within the extended time period, Collums filed a motion for default judgment on May 21, 1997. On June 19, 1997, which was 104 days after the date of service and forty-three days after the expiration of the thirty-day extension, Southern Transit filed its answer to Collums's complaint. On June 23, 1997, Southern Transit also filed a response to Collums's request for default judgment. In its response, Southern Transit argued for the first time that default judgment should not be granted to Collums because the summons was improperly directed to Bruce Peek, instead of Southern Transit.

On July 8, 1997, the trial court struck Southern Transit's answer as untimely, ordered a default judgment against Southern Transit as to liability, and granted a jury trial on the issue of damages. The default judgment was entered as to Southern Transit only and did not apply to Defendant Bruce Peek. Southern Transit subsequently filed a motion to set aside the default judgment, which was denied by the trial court on July 30, 1997. Southern Transit appeals. Although the issue of damages remains to be resolved by a jury and the default judgment was entered only as to Southern Transit, we have jurisdiction over this case because it is an interlocutory appeal of the trial court's order striking Southern Transit's answer. *See* Ark. Sup. Ct. R. 1-2(a)(11); Ark. R. App. P.—Civ 2(a)(4); *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 44 (1991).

## *I. Void Judgment*

 On appeal, Southern Transit contends that the trial court erred when it granted Collums's motion for default judgment under Ark. R. Civ. P. 55(a). In 1990, we substantially revised Rule 55 so that more cases would be decided on the merits instead of upon the technicalities that often lead to default judgment. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992) (citing Addition to Reporter's Notes to Rule 55, 1990 Amendment). One of the changes was to make the grant of default judgment under Rule 55(a) discretionary rather than mandatory. *Id.* The comments to Rule 55 also provide that:

> In deciding whether to enter a default judgment, the court should take into account the factors utilized by the federal courts, including: whether the default is largely technical and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the defendant's delay in responding; *and whether the court would later set aside the default judgment under Rule 55(c).*

Addition to Reporter's Notes to Rule 55, 1990 Amendment (emphasis added). Accordingly, in *B & F Engineering, supra*, we used the grounds listed in Rule 55(c) when deciding whether the trial court abused its discretion in granting a default judgment under Rule 55(a). This analysis is equally applicable to the case at hand.

 Arkansas Rule of Civil Procedure 55(c) provides that a default judgment may be set aside for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment.

In addition to establishing one of the above grounds, the defendant must also demonstrate a meritorious defense to the action, unless the ground asserted is that the judgment is void. Ark. R. Civ. P. 55(c); *Wilburn v. Keenan Co., Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989).

 In this case, Southern Transit argues that the default judgment was void because the service of process was improper.

In several cases we have held that a default judgment is void under Ark. R. Civ. P. 55(c)(2) if the defendant was improperly served under Ark. R. Civ. P. 4. *See, e.g, Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996) (no summons was issued to the defendant); *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (summons was not signed by the clerk); *Wilburn v. Keenan Co., Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989) (the summons was not marked "restricted delivery"). In *Thompson, supra*, we held that "the technical requirements of a summons, and compliance with those requirements must be exact." Likewise, in *Carruth, supra*, and *Wilburn, supra*, we said that "[s]tatutory requirements, being in derogation of common law rights, must be strictly construed and compliance with them must be exact." Accordingly, we held in *Carruth* and *Wilburn* that the default judgments were "void *ab initio*" due to the defective summons regardless of whether the defendant had actual knowledge of the pending lawsuit.

Arkansas Rule of Civil Procedure 4 requires the summons to contain, among other things, "the names of the parties," and that the summons "be directed to the defendant." In this case, the summons correctly listed the names of both defendants, but incorrectly directed the summons to Bruce Peek instead of Southern Transit. Because the summons did not strictly comply with the technical requirements of Ark. R. Civ. P. 4, the trial court could have held that the default judgment was "void *ab initio*" regardless of the fact that Southern Transit had actual knowledge of the complaint against it.

In reaching this conclusion, we are not unmindful of two older Arkansas cases where we said that only "substantial compliance" with Ark. R. Civ. P. 4 is required. *Ford Life Ins. Co. v. Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982); *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). These cases, however, were decided before Rule 55 was revised in 1990, and accordingly they are no longer applicable. *See* Addition to Reporter's Notes to Rule 55, 1990 Amendment (explaining that "[b]ecause the [revised] rule represents a significant break from prior practice, many cases decided under the old rule and the statute from which it was derived will no longer be of precedential value"). For these

reasons, Southern Transit is correct in its assertion that the trial court could have rendered the default judgment void due to the defective summons. We, however, do not reverse on this basis because Southern Transit waived the defense of insufficiency of process by failing to raise that defense in its first responsive pleading.

## II. Waiver

 It is well settled that pursuant to Ark. R. Civ. P. 12(h)(1), a party waives the defense of insufficiency of process under Ark. R. Civ. P. 12(b)(4) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer. *Farm Bureau Mut. Ins. Co. v. Campbell,* 315 Ark. 136, 865 S.W.2d 643 (1993); *Lawson v. Edmondson,* 302 Ark. 46, 786 S.W.2d 823 (1990). In this case, Southern Transit filed an answer on June 19, 1997, but its argument regarding the insufficiency of process was not raised until June 23, 1997, when Southern Transit filed its response to Collums's motion for default judgment. Because Southern Transit did not raise its valid defense of insufficiency of process in the answer, or by motion filed prior to or simultaneously with the answer, we hold that the defense was waived.

In an attempt to defeat this result, Southern Transit contends that it raised the defense in its answer when it denied Collums's assertion in the complaint that the court had jurisdiction over the parties. We disagree.

In paragraph 2 of the complaint, Collums declared that:

This accident happened in Little River County, Arkansas. This is the proper venue of this action and this Court has jurisdiction of the parties.

In its answer, Southern Transit replied:

The Defendants admit that there was a motor vehicle accident in Little River County, Arkansas, involving a vehicle driven by the Plaintiff and another vehicle operated by the Defendant, Bruce Peek; however, the Defendants are without knowledge or information to form a belief as to all the other allegations in Paragraph 2 of the Plaintiff's Complaint and therefore deny the same.

Similar to this case, in *Kolb v. Morgan*, 313 Ark. 274, 854 S.W.2d 719 (1993), the defendants argued that they had preserved their legal challenge to the issuance of attorney's fees by generally denying the paragraph of the complaint that contained an allegation that the plaintiff was entitled to attorney's fees. We explained that "[a] denial of a material allegation is generally thought to be a denial of [a] material factual allegation, *see* ARCP Rule 8(b), while avoidance of a claim because of operation of law is generally thought to require the filing of an affirmative defense, *see* ARCP Rule 8(c)." *Id.* We acknowledge that *Kolb* involved the preservation of an affirmative defense under Rule 8 while this case concerns the assertion of a defense under Rule 12(b). We, however, find the *Kolb* decision applicable to the case at hand because it clearly established that the mere denial of a factual allegation is not equivalent to stating facts sufficient to support a legal defense.

In this case, it is impossible to tell from Southern Transit's answer whether it is claiming that the court lacks jurisdiction over Southern Transit due to the defective summons. In fact, the defect in the summons is not specifically mentioned anywhere in the answer. Moreover, lack of jurisdiction over the person under Rule 12(b)(2) is a separate and distinct defense from insufficiency of process under Rule 12(b)(4).

Finally, Southern Transit cites *Farm Bureau Mutual Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), in support of its contention that such a general denial contained in the answer is sufficient. This argument, however, is misplaced because in *Campbell, supra*, Farm Bureau asserted the insufficiency-of-process defense in a separate paragraph of its answer, instead of making a general denial of personal jurisdiction as in this case. For these reasons, we hold that Southern Transit's mere denial of the factual allegation that the court had jurisdiction over the parties did not sufficiently raise the legal defense of insufficiency of process.

In sum, we conclude that Southern Transit waived its valid defense of insufficiency of process by failing to raise that

defense in its first responsive pleading. Accordingly, we hold that the trial court did not abuse its discretion when it granted default judgment as to Southern Transit's liability.

Affirmed.