Larry G. DUNKLIN *v.* FIRST MAGNUS
FINANCIAL CORPORATION

CA 02-12                                                86 S.W.3d 22

Court of Appeals of Arkansas
Division III
Opinion delivered October 2, 2002

*Bowden Law Firm, P.A.*, by: *David O. Bowden*, for appellant.

*Mark J. Riable*, for appellee.

SAM BIRD, Judge. Larry Dunklin appeals a default judgment entered against him and in favor of First Magnus Financial Corporation by the Pulaski County Circuit Court. We affirm.

On October 5, 2000, First Magnus Financial Corporation, a California corporation, filed an action for replevin and other relief against attorney Larry G. Dunklin. The complaint regarded Dunklin's handling of funds that were loan proceeds from First Magnus to an individual named Mark Kimbrough, and it alleged that Dunklin had negligently failed to record a real estate promissory note and mortgage. On October 17, 2000, a process server left a copy of the complaint with Geri Austin, who was an employee at Dunklin's place of business. First Magnus filed a motion for default judgment on January 5, 2001.

On May 15, 2001, Dunklin filed an answer to the complaint, which contained a third-party claim against Kimbrough. On the same day, First Magnus filed a motion to strike Dunklin's answer as being outside of the twenty-day time limit;[1] First Magnus again asked for judgment by default. On August 7, 2001, Dunklin filed a motion to dismiss on the basis of insufficient service of the complaint. On August 9, 2001, First Magnus responded that insufficiency of service had been waived.

A hearing was held on the motions for default judgment and for dismissal. The trial court's judgment against Dunklin included the following findings:

> [N]o timely answer was filed in this case and . . . Plaintiff's motion for Default Judgment should be granted for the reasons

---

[1] A defendant shall file his answer within twenty (20) days after the service of summons and complaint upon him, except when service is upon a non-resident of this state, in which event he shall have thirty (30) days after service. . . . Ark. R. Civ. P. 12(a) (2002).

that shall appear herein. The Court specifically finds that service of the Summons and Complaint upon Defendant was not sufficient. However, the Court further finds that Defendant waived any defect in service of process and sufficiency of service of process in that Defendant filed an Answer and Third Party Complaint, on or about May 17, 2001, long after the time allotted for answering would have otherwise run. In defendant Dunklin's Answer and Third Party Complaint, Defendant Dunklin did not object to, or reserve any issues concerning, service of process, adequacy, or sufficiency of service. Subsequently, shortly before the scheduled hearing, Defendant Dunklin filed a Motion to Dismiss under Rule 12 of the Arkansas Rules of Civil Procedure alleging for the first time insufficiency of service of process. Defendant's filing of a Third Party Complaint, contemporaneously with his Answer, even though the Answer was filed in an untimely manner, amounts to a waiver of the issues of sufficiency of service of process; the filing of a Third Party Complaint further acts as Defendant Dunklin's consent to this Court's exercise of jurisdiction over Defendant and the subject matter of the Complaint. For these reasons, the Court further concludes that Defendant's Motion to Dismiss should be denied.

On appeal, Dunklin contends that the trial court lacked personal jurisdiction over him in that there was no proper service, and he asserts that his answer was not a waiver of this issue because it was "untimely." He cites *J&V Restaurant Supply v. Supreme Fixture*, 76 Ark. App. 505, 69 S.W.3d 881 (2002), for the proposition that a late answer does not bar raising the defense of lack of personal jurisdiction.

We do not find that the holding in *J&V* supports Dunklin's argument. In *J&V*, the nonresident defendant had failed to file a response to the plaintiff's complaint within thirty days. However, in its initial responsive pleading, J&V, a Montana corporation, raised the defense of lack of jurisdiction of the Arkansas court because the constitutionally required minimum contacts between J&V and Arkansas did not exist. The trial court held that by failing to raise the defense of lack of jurisdiction within thirty days, J&V had waived the defense. On appeal, we reversed, holding that even an untimely response that asserts the defense of lack of jurisdiction is adequate to preserve the defense. However, the

requirement of Ark. R. Civ. P. 12(h)(1) that the defense of lack of jurisdiction be raised in the defendant's initial pleading was not at issue in *J&V*. Unlike in the present case, J&V raised the jurisdictional defense in its initial pleading. On the other hand, Dunklin's initial pleading contained no assertion that the service of process was insufficient, and that defense was not raised until almost three months later. Thus, it was the content of Dunklin's initial pleading, rather than the time frame in which it was filed, that barred his raising the defense of insufficient service of process.

We agree with First Magnus, appellee, that the trial court correctly relied on *Southern Transit v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998), where the supreme court affirmed entry of a default judgment in favor of Eugene Collums. In that case, Collums filed a negligence action against Southern Transit and its employee, Bruce Peek, on February 26, 1997. Southern Transit's agent for service received the complaint on March 7, 1997; Southern Transit received a thirty-day extension to file an answer to the complaint; on May 21, 1997, when Southern Transit had not filed its answer within the extension, Collums filed a motion for default judgment. Southern Transit filed its answer to the complaint on June 19, 1997, and on June 23, 1997, filed a response to Collums's request for default judgment, arguing for the first time that default judgment should not be granted because the summons was improperly directed to Peek instead of Southern Transit.

The *Collums* court held, despite Southern Transit's correct assertion that the default judgment could have been rendered void due to the defective summons, that the defense of insufficiency of process had been waived because it had not been raised in Southern Transit's first responsive pleading. The court explained:

> It is well settled that pursuant to Ark. R. Civ. P. 12(h)(1), a party waives the defense of insufficiency of process under Ark. R. Civ. P. 12(b)(4) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer. *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990). In this case, Southern Transit filed an answer

on June 19, 1997, but its argument regarding the insufficiency of process was not raised until June 23, 1997, when Southern Transit filed its response to Collums's motion for default judgment. Because Southern Transit did not raise its valid defense of insufficiency of process in the answer, or by motion filed prior to or simultaneously with the answer, we hold that the defense was waived.

333 Ark. at 176, 966 S.W.2d at 908.

■ As noted above, Dunklin filed his answer, as his initial pleading, on May 15, 2001. However, he did not assert the defense of insufficiency of service of process until August 7, 2001, when he filed his motion to dismiss the complaint. Therefore, under Ark. R. Civ. P. 12(h)(1), Dunklin's failure to assert the defense of insufficiency of service of process in his initial pleading resulted in a waiver of the defense.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.