Charles D. VINSON III *v.* David W. RITTER, M.D.

CA 03-760 167 S.W.3d 162

Court of Appeals of Arkansas
Division IV
Opinion delivered May 12, 2004

---

*Law Offices of John R. VanWinkle, P.A.*, by: *John R. VanWinkle*, for appellant.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark* and *Sidney P. Davis, Jr.*, for appellee.

KAREN R. BAKER, Judge. Appellant, Charles Vinson, III, appeals from an order of dismissal with prejudice entered by the Benton County Circuit Court based upon a defective summons. On appeal, he argues that the trial court erred in dismissing his complaint for defective summons. We affirm.

Originally, appellant filed a complaint against the appellee, Dr. David W. Ritter, on February 2, 2000, alleging medical negligence in a procedure performed on February 2, 1998, in Springdale, Arkansas. After receiving an extension of service until July 31, 2000, appellant served appellee on July 28, 2000. Appellant later moved for a voluntary nonsuit, which was granted by the trial court in an order dated December 5, 2000.

Appellant filed a subsequent complaint against appellee on December 5, 2001. Before any attempted service, appellee was notified of the filing of the complaint and answered it on February 6, 2002. In appellee's answer, he specifically denied the court's jurisdiction over his person, and expressly reserved objections based on lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state facts upon which relief can be granted. The answer further asserted the objections as additional defenses.

An unsuccessful attempt to deliver a summons and complaint was made to appellee at his former work address in Springdale.[1] A second summons and complaint was delivered to appellee at his Texas address on April 4, 2002. However, the second summons incorrectly stated that appellee had twenty days in which to respond rather than the thirty days allowed to an out-of-state defendant. In addition, the summons was dated September 5, 2001, which was three months prior to the actual filing of the complaint, and the summons incorrectly listed appellee's address as Springdale, Arkansas. On September 10, 2002, appellee filed a motion to dismiss based upon defective service. The motion to dismiss also asserted that, because of appellant's previous nonsuit, the statute of limitations had run, and the time for service of process had expired; therefore, the dismissal must be with prejudice. In an order filed March 5, 2003, the trial court granted the motion to dismiss with prejudice. This appeal followed.

---

[1] Appellee no longer lived in Northwest Arkansas; he moved to Texas in the summer of 1998.

Under Rule 4(a) of the Arkansas Rules of Civil Procedure (2003), the clerk must issue a summons upon the filing of a complaint, and Rule 4(b) mandates the form of the summons. Rule 4(a) states that "[u]pon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a person authorized by this rule to serve process." Further, Rule 4(b) states that "[t]he summons shall be styled in the name of the court and shall be dated and signed by the clerk; under the seal of the court; contain the names of the parties; be directed to the defendant; state the name of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in the case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint."

 Arkansas law is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (citing *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001)). Our case law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.* (citing *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996), *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989), and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). Moreover, strict compliance also specifically applies to the technical requirements of a summons. *See Smith, supra.*

In his argument, appellant asserts that this court should readopt the former standard of substantial compliance when dealing with defective summons. In support of his argument, appellant's cites this court to *Ford Life Insurance Co. v. Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982). In *Ford*, our supreme court found that a defective summons was harmless error where no prejudice was shown and following the substantial compliance rules in dealing with defective summons. However, our supreme court overruled that portion of *Ford* in *Southern Transit Co. Inc. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998), holding that because the summons did not strictly comply with the technical requirements Ark. R. Civ. P. 4 in that it incorrectly directed the summons to Bruce Peck instead of Southern Transit, the trial court could have held that the default judgment was "void *ab initio*" regardless of the fact that Southern Transit had actual knowledge of the complaint against it. The court in *Southern Transit* went on to explain:

In reaching this conclusion, we are not unmindful of two older Arkansas cases where we said that only "substantial compliance" with Ark. R. Civ. P. 4 is required. *Ford Life Ins. Co. v. Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982); *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). These cases, however, were decided before Rule 55 was revised in 1990, and accordingly they are no longer applicable. See Addition to Reporter's Notes to Rule 55, 1990 Amendment (explaining that "[b]ecause the [revised] rule represents a significant break from prior practice, many cases decided under the old rule and the statute from which it was derived will no longer be of precedential value"). For these reasons, Southern Transit is correct in its assertion that the trial court could have rendered the default judgment void due to the defective summons.

*Id.* at 175–76, 966 S.W.2d at 908. However, in *Southern Transit*, the supreme court did not reverse on the basis that the trial court could have rendered the default judgment void due to the defective summons because Southern Transit waived the defense of insufficiency of process by failing to raise that defense in its first responsive pleading. *Id.*

 Appellant also asserts that appellee is estopped from objecting to the manner in which service was made because appellee filed an answer. In *Farm Bureau Mutual Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), our supreme court upheld the trial court's granting of a motion to dismiss holding that the defendant was not estopped from asserting that the court lacked jurisdiction even though the defendant had filed an answer, which reserved his right to contest the summons, and had participated in discovery. In *Campbell*, the court stated:

> [A]lthough this court has said that a defendant may, by his conduct, be estopped to object to the manner in which service is made, the court also cautioned that estoppel does not apply where the defect in the summons itself is so substantial as to render the process void. *Storey*, 232 Ark. 552, 339 S.W.2d 112. Here, as discussed in the trial court's findings set out hereinabove, the Campbells admitted that no service of summons whatever was made on Farm Bureau, thus, estoppel simply is inapplicable in these circumstances. For the reasons given above, we hold the trial court was clearly correct in dismissing the Campbells' complaint for insufficiency of process.

*Id.* at 141, 865 S.W.2d at 646. The facts of this case establish that the defects in the summons, which included appellee's wrong address, the

incorrect amount of time for an out-of-state defendant to file a pleading, and the incorrect date rendered the process void. Thus, pursuant to *Campbell*, we hold that estoppel does not apply in this case. In addition, pursuant to Ark. R. Civ. P. 12(h), appellee, as in *Campbell*, reserved his right to assert insufficiency of process as well as insufficiency of service of process in his answer. Moreover, our supreme court also held in *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996), that actual knowledge of the proceeding does not validate defective service.

In this case, the summons issued to appellee was clearly defective in two respects. First, the summons was incorrectly dated September 5, 2000, exactly three months prior to the filing of the complaint on December 5, 2000. Arkansas Code Annotated section 16-58-103(a) (year) states that, "No summons or order for a provisional remedy shall be issued by the clerk in any action before the plaintiffs complaint or petition therein is filed in his office." Moreover, the summons incorrectly stated that appellee had only twenty days to answer rather than thirty days. Rule 12(a) of the Arkansas Rules of Civil Procedure states that, "[a] defendant shall file his answer within twenty (20) days after the service of summons and complaint upon him, except when service is upon a non-resident of this state, in which event he shall have thirty (30) days after service of summons and complaint upon him within which to file his answer." In *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra,* our supreme court held that where the summons misstated the time in which the defendants were required to respond, the circuit court properly dismissed the complaint for failure of service of valid process under Rule 12(b). Here, appellee testified that he became a resident of Texas in 1998. Thus, he was an out-of-state defendant on April 4, 2002, when he was served with the summons.

Ultimately, appellant urges this court to readopt the prior standard of substantial compliance and overrule the supreme court's precedent. We have no authority to do so, and accordingly affirm the decision of the trial court dismissing the complaint with prejudice.

HART and VAUGHT, JJ., agree.