2010 Ark. App. 736

**Michelle REICHARDT, Individually and as Administrator of the Estate of Ashley Tosh, deceased, Appellant**

v.

**Anthony CREASEY, Appellee.**

**No. CA 10–319.**

Court of Appeals of Arkansas.

Nov. 3, 2010.

Richard Hartley Mays, Mays & White, PLLC, Heber Springs, for appellant.

James Walter Tilley, Staci Dumas Carson, Watts, Donovan & Tilley, P.A., Little Rock, for appellee.

RITA W. GRUBER, Judge.

Michelle Reichardt, individually and as administrator of the estate of her daughter Ashley Tosh (deceased), appeals the circuit court's dismissal of her wrongful-death claim against Anthony Creasey. Reichardt contends that the trial court erred in granting Creasey's motion to dismiss with prejudice for insufficiency of process and insufficiency of service of process. We find no error and affirm.

Under Ark. R. Civ. P. 4(a) (2010), the clerk must issue a summons upon the filing of a complaint. Rule 4(b) mandates the form of the summons, and Rule 4(d) governs personal service inside Arkansas. In the method of service that Reichardt attempted, the plaintiff or the plaintiff's attorney may serve the summons and complaint by mail "addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(d)(8)(A)(i) (2010). "Service" pursuant to paragraph (A)

> shall not be the basis for the entry of a default or judgment by default unless the record contains *a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing* refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against him unless he appears to defend the suit.

Ark. R. Civ. P. 4(d)(8)(A)(ii) (2010) (emphasis added).

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). Our case law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact; the same reasoning applies to service requirements imposed by court rules. *Id.*

*Meeks v. Stevens*, 301 Ark. 464, 468, 785 S.W.2d 18, 20 (1990), a case of first impression, held that silence or inaction may be presumed to be "token consent" elsewhere in the law, but that a party's failure to claim certified mail does not reach the level of affirmative action suggested by definitions of "refuse" under Rule 4(d)(8)(A). A failure to act affirmatively does not meet the explicit requirements of Rule 4(d)(8)(A), which safeguard against the harshness of default judgment:

Clearly, the rule requires a "refusal" of the mailed notice before default may be entered. The question dispositive of this appeal is whether under these facts the "unclaimed" mail returned by the postal department is "refused" mail within the meaning of Rule 4(d)(8)(A).

. . . .

With respect to Rule 4(d)(8)(A), the active nature of refusal is spelled out with care. The record must contain "a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. . . ."

301 Ark. at 467, 785 S.W.2d at 20.

Here, Reichardt filed her wrongful-death complaint on February 27, 2009, alleging that Creasey negligently caused the May 16, 2006 motor-vehicle accident that resulted in Tosh's death. On July 8, 2009,

Creasey filed a motion to dismiss with prejudice. He pled as affirmative defenses insufficiency of process and insufficiency of service of process; additionally, he asserted that the dismissal should be with prejudice because the three-year statute of limitations had run. Reichardt timely filed a response and accompanying brief, asserting that service was timely and properly served. Three exhibits were attached to her response.

Exhibits 1 and 2 are separate envelopes addressed to Creasey and sent by United States Postal Service (USPS) certified mail, return receipt requested. Each bears USPS notations that delivery was attempted and that notices were left for Creasey on various dates; each has a check-mark showing the mail as "UN-CLAIMED" rather than "REFUSED"; and each was sent back to the return address on the envelope, the law firm of Reichardt's counsel. Exhibit 1, postmarked March 3, 2009, is addressed to Creasey at a Sulphur Rock residence; delivery was attempted on both March 4 and March 11, 2009, and the date of return to counsel was March 30, 2009. Exhibit 2, addressed to Creasey at a Batesville residence, is post-marked June 17, 2009; it shows attempted deliveries on June 18 and 23, 2009, and a return to Reichardt's counsel on July 3, 2009.

Exhibit 3, a one-page letter from Reichardt's counsel to Creasey at the Batesville address, includes the words CERTIFIED MAIL/ RETURN RECEIPT REQUESTED. The letter reads as follows:

Pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, enclosed herein are the following two documents for service upon you individually:

1. Original of a Summons issued by the Clerk of Independence County; and

2. A filed copy of the Complaint in the captioned case.

Please note that you are required to respond to the complaint within twenty days of receipt of service of the enclosed Summons.

Reichardt argued in a response brief that Creasey was sent two certified letters at different addresses, each letter advising him of the filing of the suit and enclosing a copy of the summons and complaint. She argued that service was deemed effective June 16, 2009, when notice of the second certified letter was left for Creasey and when her attorney sent to him by regular U.S. mail a letter with information identical to that in the certified letter to the same address. She concluded that the date of effective service was therefore within the 120–day period allowed for service under Rule 4(i).

Creasey replied to Reichardt's response, arguing that the certified mailings of Exhibits 1 and 2 were "unclaimed" rather than "refused" under *Meeks, supra,* and that any mailing afterward fell short of the requirements of Rule 4(d)(8)(A). He concluded that Reichardt had thus failed to serve him within 120 days of filing her complaint, that the statute of limitations had run, and that dismissal should be with prejudice.

On November 5, 2009, both parties appeared before the circuit court for a hearing on the motion to dismiss for lack of service. Creasey argued that *Meeks v. Stevens* made a clear distinction between unclaimed and refused mail, noting that strict compliance is required for service and that only if mail is refused does it satisfy due process and amount to good service. He also contended that the statute of limitations had run on May 16, 2009.

Reichardt contended that *Meeks* is "wrong" because it enables a defendant to simply not claim a certified letter even when he or she knows the letter's content and purpose. She complained that decisions "as to whether service was refused or simply not claimed" were being made by the USPS, which did not know the *Meeks* distinction in terms of due process. She also argued that under the "mailbox rule," there was a presumption that Creasey had received the first-class letter sent to him by regular U.S. mail.[1]

The circuit court observed that the certified mail in this case was marked "UNCLAIMED," not "REFUSED," a difference that Ark. R. Civ. P. 4 clearly addresses, and that effective service occurs when mail is marked "refused" and is followed by regular mail. The court, commenting that it could not read the mind of the defendant or the post office or anyone else, found no indication of refusal and thus no service. Creasey's motion to dismiss with prejudice for insufficiency of process and insufficiency of service of process was granted.

*Point on Appeal*

Reichardt asserts that the present case calls into question the interpretation of strict compliance with service requirements of Ark. R. Civ. P. 4(d) in cases where a defendant had actual notice of a complaint and filed a timely response asserting defenses of insufficiency of process and insufficiency of service of process, but where no default judgment was granted against the defendant. She cites proposed Rule 4(k), a new subdivision entitled *Substantial Compliance,* that was suggested by the Arkansas Supreme Court Committee on Civil Practice and published for

---

1. The mailbox rule provides that "a letter placed in the mailbox or post office creates a presumption that it was received." *Stewart v. State,* 362 Ark. 400, 407, 208 S.W.3d 768, 773 (2005).

comment in *Ark. Rules of Civil Procedure*, 2010 Ark. 35 (per curiam). As noted in "Suggested Addition to Reporter's Notes, 2010 amendment," the proposed subdivision would reestablish under Rule 4 a substantial-compliance standard for service and process in situations where no default has occurred.

Creasey responds in his brief that Reichardt did not serve him by mail in accordance with Rule 4. He asserts that because Reichardt did not prove that service occurred within the allowable 120 days, the statute of limitation for her wrongful-death action had run. He states that Ark. R. Civ. P. 4 requires strict compliance and that in 2010 Ark. 288, a per curiam opinion subsequent to 2010 Ark. 35, the supreme court declined to adopt the proposed addition of subdivision (k) to Ark. R. Civ. P. 4.[2] He points out that Reichardt did not make this argument below, and that arguments not made to the circuit court will not be addressed on appeal. *Greenwood v. Anderson*, 2009 Ark. 360, 324 S.W.3d 324.

Reichardt responds in a reply brief that her case is distinguishable from *Meeks, supra*. We do not agree. Our supreme court has not deviated from its holding in *Meeks* that "unclaimed" mail returned by the postal department is not "refused" mail for purposes of Rule 4(d)(8)(A). Even when the result is harsh, as in the present case, we are powerless to overturn any decision of our supreme court. *See Vinson v. Ritter*, 86 Ark.App. 207, 167 S.W.3d 162 (2004) (rejecting argument that this court should re-adopt supreme court's former standard of substantial compliance when dealing with defective summons).

The circuit court in the present case correctly applied *Meeks* to the facts before it. *See Ark. Rules of Civil Procedure*, 2010 Ark. 35 (per curiam). We affirm the court's dismissal of this case with prejudice.

Affirmed.

ROBBINS, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring.

I agree with the majority that the supreme court's decision in *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990), requires that we affirm this case. I write separately, however, because I believe that the case at bar illustrates a problem with the Arkansas Rules of Civil Procedure and the state's jurisprudence on service of process.

As the majority noted, the Supreme Court Committee on Civil Practice recommended that Arkansas Rule of Civil Procedure 4 be modified to allow "substantial compliance" with service requirements where no default has occurred. I believe the instant case is the first since the supreme court handed down its June 3, 2010 per curiam rejecting this proposed change. *In re Arkansas Rules of the Supreme Court and Court of Appeals; Rules of Appellate Procedure—Civil; and Rules of Civil Procedure*, 2010 Ark. 288. The harshness that the majority alludes to is the dismissal of a wrongful-death suit, benefitting an alleged tortfeasor who had the perspicacity to not accept service by certified mail. This result does not conform to my concept of justice.

I also believe that the basic premise of *Meeks* is fundamentally flawed. By quoting Postal Service regulations to establish the difference between "refused" and "unclaimed" mail, the supreme court has vest-

---

**2.** This subsequent per curiam was issued on June 3, 2010, which was after the date that Reichardt filed her initial brief.

ed some anonymous postal worker with conclusive fact-finding authority. I have to question the soundness of this decision.

In the Christmas classic, *Miracle on 34th Street*, Judge Henry X. Harper decides that Kris Kringle is Santa Claus because a postal worker in New York decides to deliver mail addressed to Santa Claus to Mr. Kringle. The result is Mr. Kringle is released from a mental hospital in time to deliver his Christmas gifts. While this result makes for heart-warming holiday entertainment, the result that we have to accept today is anything but heart warming. It is, however, a gift to the slick and unscrupulous who avoid the reach of our justice system. Perhaps it is time that our supreme court revisit this issue.