SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-108

|  |  |
|---|---|
| | **Opinion Delivered**  December 18, 2013 |
| JACQUELINE TAYLOR<br><br>APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. CV-10-365] |
| V. | |
| CYNTHIA MILES<br><br>APPELLEE | HONORABLE SANDY HUCKABEE, JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jacqueline Taylor appeals the November 5, 2012 decree quieting title to certain lots in Lonoke County to appellee Cynthia Miles.[1]  Appellant argues that because appellee failed to obtain valid service on appellant within 120 days of filing the petition to quiet title, the decree quieting title must be set aside.  We affirm.

The pertinent facts of this case are not in dispute.  Appellee filed her petition to quiet title on April 28, 2010, claiming that she had adversely possessed certain lands.  Appellant was named as a defendant in the petition.[2]  Appellee published her notice of the quiet-title action

---

[1]Lots are described as:

LOTS THREE (3), FOUR (4), FIVE (5), AND SIX (6) BLOCK ONE (1), MCQUEEN ADDITION CITY OF CARLISLE, LONOKE COUNTY, ARKANSAS.

[2]The petition was filed against Bertha Nichols Estate, Jacqueline Taylor, and Unknown Heirs of Bertha Nichols Estate.

SLIP OPINION

for four weeks in the local paper beginning on May 12, 2010. Appellee attempted service on appellant by certified, restricted mail on June 3, 2010, to the address listed for appellant with the Lonoke County Tax Assessor. This mail was returned and marked "unclaimed." Appellee next attempted service via the sheriff of Jackson County, Missouri, at the same address. The sheriff was advised that no one by appellant's name lived at the address. At a hearing held on September 3, 2010, the court advised the parties that the case would not proceed further until service was perfected on all of the defendants. Appellee filed an affidavit for warning order September 23, 2010. On September 24, 2010, the court signed a warning order. The warning order was published on September 29, 2010, and again on October 6, 2010.

Appellant filed an answer on July 12, 2012, claiming an interest in the property. She stated that she was a "certified heir to the Bertha Nichols Estate" and she denied appellee's claim of adverse possession. Appellant asked the court to deny appellee's petition and that "the Plaintiffs and anyone who may be claiming title by and through or under them enjoined temporarily and permanently from claiming any interest in the property." She further asked the court to determine that she and "other heirs has [sic] legal and real title to said property and all other just and proper relief to which she may be entitled." Appellee filed a motion for default judgment, a motion to strike appellant's answer, and a motion for judgment on the pleadings on July 23, 2012. The trial court held a hearing on appellee's motion on July 30, 2012. The court declined to make a ruling on appellee's motions at that time, noting that appellant still had time to file a response. On August 17, 2012, appellant filed a motion to

SLIP OPINION

dismiss, claiming appellee did not perfect service on her before 120 days as mandated by Rule 4(i) of the Arkansas Rules of Civil Procedure, and did not seek an extension to perfect service. On August 17, 2012, appellant also responded to appellee's July 23, 2012 motions, again arguing that service had not been perfected within the statutory limit.

The court filed a decree quieting title to the property in appellee on November 5, 2012. In the order, the court found that proper notice and service of process had been effectuated. The court denied and dismissed the remaining claims for relief. Appellant's timely notice of appeal was filed on December 4, 2012. This appeal followed.

Appellant argues that the trial court lost jurisdiction to take any action on the case because appellee did not serve her within the time specified in the rule. Therefore, according to appellant, the trial court erred by granting appellee's petition to quiet title. Quiet-title actions have traditionally been reviewed de novo as equity actions.[3] However, we will not reverse the circuit court's findings in such actions unless the findings are clearly erroneous.[4] A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been made.[5]

While we agree with appellant that statutory service requirements must be strictly construed and that compliance with them must be exact,[6] we find her argument unavailing.

---

[3] *City of Cabot v. Brians*, 93 Ark. App. 77, 216 S.W.3d 627 (2005).

[4] *Id.*

[5] *Id.*

[6] *See Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147 (2000).

3

"It is well settled that pursuant to Ark. R. Civ. P. 12(h)(1), a party waives the defense of sufficiency of process under Ark. R. Civ. P. 12(b)(4) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer."[7]  Appellant filed her answer on July 12, 2012.  The answer contained no assertion that service of process was insufficient.  Appellant did not object to, or reserve any issues concerning service of process, adequacy, or sufficiency of service of process.  Additionally, appellant sought affirmative relief, that is, the pleading filed was more than a defensive action.[8]  Appellant asked not only that appellee's petition be denied, she asked that persons be enjoined from claiming an interest in the property.  Appellant did not challenge service until August 17, 2012, when she filed a motion to dismiss the case.  Therefore, under Ark. R. Civ. P. 12(h)(1), appellant's failure to assert the defense of insufficiency of service of process in her initial pleading resulted in a waiver of the defense.  Accordingly, we affirm.

Affirmed.

WYNNE and HIXSON, JJ., agree.

*Ronald Carey Nichols*, for appellant.

*Stuart Law Firm, P.A.*, by: *J. Michael Stuart*, for appellee.

---

[7]*Dunklin v. First Magnus Fin. Corp.*, 79 Ark. App. 246, 86 S.W.3d 22 (2002).

[8]*Wallace v. Hale*, 341 Ark. 898, 20 S.W.3d 392 (2000) (citing *Storey v. Brewer*, 232 Ark. 552, 339 S.W.2d 112 (1960)).

SLIP OPINION