Josephine Linker Hart, Justice, concurring. [J write separately because I have long believed that the best application of Rule 4 of the Arkansas Rules of Civil Procedure should be substantial compliance. Mechanical application of Rule 4, and the attending jurisprudence, have yielded patently unjust results, and I have so stated. See Reichardt v. Creasey, 2010 Ark. App. 736, 379 S.W.3d 655. However, because this court steadfastly continues to embrace its striet-compliance jurisprudence, it should' be consistent. I therefore cannot join the dissent’s suggestion that this court should now create yet another exception in the application of Rule 4 and still call it “strict compliance.” Our existing patchwork of opinions has led, as the majority notes, the appellee to believe that we have sanctioned de facto substantial compliance. In my view, increasing the level of uncertainty in this area of the law is a cure that is worse than the disease. Finally, I agree with the appellant that this case does not turn on giving the incorrect number of days for an incarcerated person. Inexplicably, Harvest chose not to use the official summons form that this court adopted on May 24, 2001. That form contained blanks to be filled in with the information that applied to a particular defendant. The form that Harvest chose contains inapplicable information, which was not in “strict compliance” with Rule 4.