2012 Ark. App. 678

Deborah A. DOBBS, Appellant

v.

DISCOVER BANK, Appellee.

No. CA 12–449.

Court of Appeals of Arkansas.

Nov. 28, 2012.

Sanford Law Firm, PLLC, Russellville, by: Josh Sanford, for appellant.

Stephen L. Bruce, for appellee.

DOUG MARTIN, Judge.

Appellee Discover Bank filed a complaint in Pulaski County Circuit Court against appellant Deborah Dobbs on July 11, 2011, alleging that Dobbs had a past-due balance of $13,216.11 on her Discover Card account. The complaint was served on Dobbs on July 25, 2011. Dobbs filed her answer on August 9, 2011, generally denying the allegations in the complaint and affirmatively stating, among other things, that the summons was defective and defectively served so that the case should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b).

The matter proceeded to trial on October 31, 2011. Before Discover Bank Began calling its witnesses, Dobbs asked the court to consider her motion to dismiss. At that time, she raised several issues, arguing that the summons was defectively served because Federal Express ("FedEx"), a commercial delivery company, delivered it to her husband, rather than to her personally, in violation of Arkansas Rule of Civil Procedure 4(d)(8)(C); she also contended that FedEx was not an approved commercial delivery company. Dobbs further asserted that there were "at least six or seven errors on the face of the summons," including what she described as missing and improper language that was at variance with the "Official Form of Summons" described in the rules of civil procedure.

At the conclusion of the trial, the circuit court asked the parties to submit written briefs on the issue. After considering the briefs, the circuit court entered an order on December 28, 2011, denying Dobbs's motion to dismiss. A separate judgment in favor of Discover Bank on the underlying claim was entered on February 29, 2012. Dobbs filed a notice of appeal on March 5, 2012, and now argues to this court that the circuit court erred in denying her motion to dismiss.

In cases where the appellant claims that the trial court erred in denying a motion to dismiss based on alleged errors in the process of service, our standard of review is whether the trial court abused its discretion in denying the motion to dismiss. *Nobles v. Tumey*, 2010 Ark. App. 731, 379 S.W.3d 639; *Kuelbs v. Hill*, 2010 Ark. App. 427, 379 S.W.3d 47. Moreover, where the issue presented involves the correct interpretation of an Arkansas court rule, the issue is a question of law that the appellate court reviews de novo. *Holliman v. Johnson*, 2012 Ark. App. 354, 417 S.W.3d 222; *Solis v. State*, 371 Ark. 590, 269 S.W.3d 352 (2007).

1 he law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *See Patsy Simmons P'ship Ltd. v. Finch*, 2010 Ark. 451, 370 S.W.3d 257; *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). It is equally settled that service requirements set out by rules, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Patsy Simmons P'ship, supra; Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 374–75, 921 S.W.2d 944, 945 (1996). Specifically, the appellate courts have consistently required that the technical requirements of a summons as set out in Arkansas Rule of Civil Procedure 4(b) be strictly construed and compliance with those requirements be exact. *Smith*, 353 Ark. at 709, 120 S.W.3d at 530 (citing *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996)). The supreme court has recently said that this "bright line standard of strict compliance permits certainty in the law; whereas, a substantial compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due-process requirements of the Arkansas and U.S. Constitutions have been met." *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 4, 306 S.W.3d 428, 430.

## I. *Defective Summons*

In her first point on appeal, Dobbs contends that the circuit court erred in denying her motion to dismiss because the summons was defective in the following respects. 1) the summons failed to list the address for the clerk of the court; 2) it did not state that it was from "The State of Arkansas to Defendant"; 3) it failed to state an address for Discover Bank's attorney; and 4) it excluded the "mandatory" language, "judgment by default may be entered against you for the relief asked in the complaint unless you file a written answer or motion under Rule 12 of the Arkansas Rules of Civil Procedure and thereafter appear and present your defense."

Rule 4(b) of the Arkansas Rules of Civil Procedure governs the form of summonses and provides as follows:

The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant

to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Our court recently held that only the "actual language of subsection (b) in Rule 4 of the Arkansas Rules of Civil Procedure sets forth the items that must be included in a summons, the lack of which might render it void under the 'exact compliance' standard." *Talley v. Asset Acceptance, LLC,* 2011 Ark.App. 757, at 4, 2011 WL 6064975.

█ Thus, we reject Dobbs's first contention that the summons was defective because it failed to list the address for the Pulaski County Clerk's Office. In *Talley, supra,* this court specifically held that "[n]othing contained in subsection (b) requires the court address to appear in the summons," and the fact that the "Official Form of Summons" contained a blank for that information to be filled in was "secondary." *Id.* at 4. The actual language of Rule 4(b) requires that the summons "shall be dated and signed by the clerk," and that requirement was satisfied here. Thus, there is no merit to this portion of Dobbs's argument.

█ We also reject Dobbs's challenge to the summons on the basis that, as she phrases her argument, it "excludes the mandatory language, 'judgment by default may be entered against you for the relief asked in the complaint unless you file a written answer or motion under Rule 12 of the Arkansas Rules of Civil Procedure and thereafter appear and present your defense.'" This language is again from the "Official Form of Summons."[1] Rule 4(b) provides that the summons must "notify [the defendant] that in case of his failure to [appear, file a pleading, and defend], judgment by default may be entered against him for the relief demanded in the complaint."

The summons here contains the following statement. "The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Complaint unless you file a written response to answer and thereafter appear and present your defense." Although this is not a verbatim recitation of the language of Rule 4(b), the summons conveys precisely the information that the Rule requires. Again, then, Dobbs's argument is unavailing.

█ We find merit, however, in Dobbs's other points, wherein she complains that the summons does not state the address of the plaintiff's attorney and is not brought in the name of the State of Arkansas. First, the language of Rule 4(b) specifically requires the summons to include the plaintiff's attorney's address, and the summons here simply does not do so. Discover Bank admits that this information is not present on the summons, but it argues that the lack of its attorney's address is immaterial because the address is listed on the complaint that was attached to the summons. While it may seem a minor detail, this information is required by the rule, and nothing in the plain language of the rule appears to permit the required information to merely be incorporated from somewhere else. Thus, we conclude that the summons was defective in this respect.

█ Finally, Dobbs challenges the fact that the summons simply states that it is

---

1. The "Official Form" states that "The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written answer or a motion under Rule 12 of the Arkansas Rules of Civil Procedure and thereafter appear and present your defense."

addressed "to the above named defendant," rather than stating that it was from the State of Arkansas. In *Gatson v. Billings*, 2011 Ark. 125, 2011 WL 1206500, the supreme court held a summons defective where it "proclaimed it was from 'Mizell Gatson to Defendant,' rather than saying it was from 'State of Arkansas to Defendant,' as required by Rule 4(b)." *Gatson*, 2011 Ark. 125, at 1–2, 2011 WL 1206500, Although this specific language is found on the "Official Form of Summons," rather than in Rule 4(b),[2] the supreme court noted the critical nature of the authority by which a summons is issued:

> Gatson's summons specified that it was from "Mizell Gatson to Defendant," rather than from the State of Arkansas. The language in Rule 4(b) requiring that the summons be directed to the defendant must be read in conjunction with article 7, section 49 of the Arkansas Constitution, which provides in relevant part, "All writs and other judicial process, shall run in the name of the State of Arkansas, bear test and be signed by the clerks of the respective courts from which they issue." The language in article 7, section 49 is plain and unambiguous, and it must be given its obvious and common meaning. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 720, 120 S.W.3d 525, 537 (2003) (citing *Worth v. City of Rogers*, 341 Ark. 12, 14 S.W.3d 471 (2000); *Daniel v. Jones*, 332 Ark. 489, 966 S.W.2d 226 (1998)). Because Gatson's summons ran in the name Mizell Gatson, rather than the State of Arkansas, it fails to meet the requirements of Rule 4(b), which necessarily incorporate article 7, section 49 of the Arkansas Constitution.

*Gatson*, 2011 Ark. 125, at 5, 2011 WL 1206500. The court thus found that Gatson's summons fell short of strict compliance with the direction requirement of Rule 4(b). *Id.*

|₇Here, the summons runs in no one's name; it simply states that it is directed "to the above named defendant." In light of the holding of *Gatson* that a summons must run in the name of the State of Arkansas, we conclude that the failure of the summons to issue under any authority rendered Discover Bank's summons defective.

## II. *Defective Service of Process*

In her second argument on appeal, Dobbs contends that the circuit court should have dismissed the complaint because service was made, not on her, but on her husband by a commercial delivery company that was not registered with the Pulaski County Circuit Court. This argument requires consideration of Arkansas Rule of Civil Procedure 4(d)(8)(C), which provides in pertinent part as follows:

> Service of a summons and complaint upon a defendant of any class referred to in paragraph[ ] (1) . . . of this subdivision may also be made by the plaintiff or an attorney of record for the plaintiff using a commercial delivery company that (i) maintains permanent records of actual delivery and (ii) has been approved by the circuit court in which the action is filed or in the county where service is to be made. The summons and complaint must be delivered to the defendant or an agent authorized to receive service of process on behalf of the defendant. The signature of the defendant or agent must be obtained.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001); *Ivy v. Office of Child Support En-*

---

**2.** The rule simply states that the summons "must be directed to the defendant."

*forcement,* 99 Ark.App. 341, 260 S.W.3d 328 (2007). .

Here, Dobbs argues that the service via FedEx on her husband did not strictly comply with the requirements of Rule 4(d)(8)(C). She notes that there is no evidence that FedEx maintains permanent records of actual delivery or that it has been approved by the Pulaski County Circuit Court. Moreover, she urges that service was insufficient because the summons was not delivered to her personally or to an agent authorized to receive service of process; rather, the summons was left with her husband.

■■■ As to the status of FedEx, Discover Bank responds in its appellate brief by asserting that, prior to filing suit in Pulaski County, its attorney contacted the Pulaski County Circuit Clerk and was informed that FedEx, along with UPS and the United States Postal Service, were all approved commercial delivery companies. Discover Bank, however, did not make this representation before the trial court, and, moreover, it offers this court no substantive evidence, such as an affidavit from its attorney or the clerk's office, that supports its assertion. Our service rules place an "extremely heavy burden" *on the plaintiff* to demonstrate that compliance with those rules has been had. *See, e.g., Southeast Foods, Inc. v. Keener,* 335 Ark. 209, 979 S.W.2d 885 (1998); *Meeks v. Stevens,* 301 Ark. 464, 785 S.W.2d 18 (1990). We thus conclude that Discover Bank's failure to offer any actual proof of its conversation with the Pulaski County Clerk's Office is fatal to its argument.[3]

■■■ Alternatively, we find merit in Dobbs's argument that service of process was invalid because the summons was not served on her personally. As mentioned above, the summons was delivered by FedEx and signed for by Dobbs's husband. Rule 4(d)(8)(C) governs situations where a commercial delivery company makes personal service upon an individual, and the rule requires that the summons must be delivered to the defendant or an agent authorized to receive service of process on the defendant's behalf.

Discover Bank's attempt at personal service failed either of these methods. First, the summons and complaint were not delivered to Dobbs personally. Second, while the summons and complaint were undisputedly left with Dobbs's husband, Discover Bank offered no evidence that Dobbs's husband was an "agent authorized to receive service of process" on Dobbs's behalf. Thus, we conclude that the trial court erred in finding that service of process was effective.

■■■ Finally, Discover Bank argues that, even if service was improper, Dobbs waived or cured the defect "when she filed her answer that both sought affirmative relief of the court and did not specifically state how the summons was defective or defectively served." Discover Bank relies on *Trelfa v. Simmons First Bank of Jonesboro,* 98 Ark.App. 287, 254 S.W.3d 775 (2007), as holding that any action on the part of the defendant, except to object to jurisdiction, will amount to an appearance, and a court acquires jurisdiction— whether a summons was served or not— over a defendant when the defendant voluntarily appears and proceeds without objection.[4]

---

**3.** For the same reason, we reject Discover Bank's argument that *Dobbs* provided no evidence to demonstrate that FedEx does not keep permanent records or was not approved by the Pulaski County Circuit Court, as it was not Dobbs's burden to prove compliance with Rule 4.

**4.** The facts of *Trelfa,* however, are distinguishable from the instant case. There, the court

In *Farm Bureau Mutual Insurance Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), the supreme court held that the determining factor in whether the defendant waived invalid service of process is whether the defendant has sought affirmative relief; in such circumstances, the defendant has proceeded in more than a defensive manner and has therefore waived his rights. Discover Bank argues that, because Dobbs filed an answer and sought attorney's fees in the concluding paragraphs of that pleading, she waived any objection to the trial court's jurisdiction.

We reject Discover Bank's argument. The kind of "affirmative relief" to which the court referred in *Farm Bureau, supra,* was something "more than a defensive action," such as "where a defendant filed a cross-complaint." *Farm Bureau,* 315 Ark. at 141, 865 S.W.2d at 645 (citing *Utley v. Heckinger,* 235 Ark. 780, 362 S.W.2d 13 (1962); *Burton v. Sanders,* 230 Ark. 67, 321 S.W.2d 209 (1959)). The defendant in *Farm Bureau,* like Dobbs in the instant case, filed a responsive pleading denying the allegations of the complaint and raising the defense of insufficient service of process; in addition, the defendant, like Dobbs, propounded interrogatories of its own and answered the plaintiffs requests for discovery. The supreme court in *Farm Bureau* determined that these actions did not constitute the seeking of "affirmative relief." *Id.* at 141, 865 S.W.2d at 645–46. An answer with boilerplate language seeking attorney's fees and "all other relief to which [the party] may be enti-

tled" is not a request for affirmative relief. *Bituminous, Inc. v. Uerling,* 270 Ark. 904, 907, 607 S.W.2d 331, 333 (1980) (request for attorney's fees did not amount to a prayer for affirmative relief so as to operate as a general appearance and thus a waiver of a venue objection).

Finally, to the extent Discover Bank argues that Dobbs failed to specifically and sufficiently plead the defenses of insufficiency of process and insufficiency of service of process, it is incorrect. It is, of course, well settled that, pursuant to Ark. R. Civ. P. 12(h)(1), a party waives the defense of insufficiency of process under Ark. R. Civ. P. 12(b)(4) or insufficiency of service of process under Ark.R. Civ. P. 12(b)(5) if he or she fails to raise the argument in either the answer or a motion filed simultaneously with or before the answer. *Posey v. St. Bernard's Healthcare, Inc.,* 365 Ark. 154, 226 S.W.3d 757 (2006); *Farm Bureau Mut. Ins. Co. v. Campbell, supra.* The Rule 12(b) defenses must be specifically pled. *Holliman v. Johnson,* 2012 Ark. App. 354, at 6, 417 S.W.3d 222, 225, *see also* Ark. R. Civ. P. 12(h) ("A defense of . . . insufficiency of process [or] insufficiency of service of process . . . is waived . . . if it is neither made by motion under this rule nor included in the original responsive pleading.").

In *Holliman,* on which Discover Bank relies, this court held that the defendant failed to preserve an objection based on insufficiency of process and insufficiency of service of process when, in her answer, she generically pled that the complaint "should be dismissed pursuant to Rule 12(b) of the

concluded that the defendants waived any objection to the admittedly defective service of process because they appeared in the action without raising an objection to the process or its service prior to the entry of the final decree. *Trelfa,* 98 Ark.App. at 291, 254 S.W.3d at 778. This court held that the defendants "recognized the case as being in court and

entered their appearance by agreeing to the entry of an order appointing a receiver." *Id.* at 292, 254 S.W.3d at 779. This court further noted that "[s]uch an agreed order is, in effect, a stipulation and recognizes the case as being in court because it is a step in the process of resolving the case and one of the remedies sought by [the plaintiff.]" *Id.*

Arkansas Rules of Civil Procedure." *Id.* at 2, 417 S.W.3d at 223. Although the defendant later filed a motion to dismiss in which she specifically argued that the complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5), this court held that the 12(b) defenses must be specifically and individually pled in either the defendant's answer or other original responsive pleading. *Id.* at 6–7, 417 S.W.3d at 225–26. The court rejected an argument that an initial, generic request for dismissal pursuant to "Rule 12(b)" in the answer would suffice to preserve a later, specific request for dismissal pursuant to Rule 12(b)(4) or Rule 12(b)(5). *Id.* at 8, 417 S.W.3d at 226–27.

Discover Bank argues that Dobbs's answer was insufficient to raise these defenses because it stated only that the "summons was defective and defectively served and the case must be dismissed pursuant to Rule 12(b) of the Ar kansas Rules of Civil Procedure." While it is true that the answer does not state the specific Rule 12 subsections, it clearly states that Dobbs is challenging both the sufficiency of the summons and the service thereof. This distinguishes the instant case from *Holliman*, in which the defendant only generally recited "Rule 12(b)," without specifying the part of the rule on which she was relying. Discover Dank was clearly put on notice that Dobbs's challenge was to process and service of process. As such, we reject its arguments on this issue.

When service is not made in any manner for which Rule 4 provides, the service and the judgment entered thereon are void ab initio. *See Wilkins v. Food Plus, Inc.*, 99 Ark.App. 64, 257 S.W.3d 107 (2007). As such, the judgment of the trial court in favor of Discover Bank is reversed.

Reversed.

PITTMAN and ABRAMSON, JJ., agree.