

Cite as 2017 Ark. App. 326

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-802

| | |
|---|---|
| CITY OF TONTITOWN, ARKANSAS<br>APPELLANT | **Opinion Delivered:** May 24, 2017 |
| V. | APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. 72CV-15-2189] |
| FIRST SECURITY BANK; CITY OF<br>SPRINGDALE, ARKANSAS; AND<br>HILLCREST HOLDINGS, LLC<br>APPELLEES | HONORABLE DOUG MARTIN,<br>JUDGE |
| | AFFIRMED IN PART; REVERSED<br>AND REMANDED IN PART |

## RITA W. GRUBER, Chief Judge

This appeal arises from the City of Springdale's annexation of certain property owned by First Security Bank and Hillcrest Holdings, LLC. The City of Tontitown (Tontitown) filed a petition challenging the annexation pursuant to Arkansas Code Annotated section 14-40-2004 (Repl. 2013). The circuit court dismissed the suit with prejudice. We affirm in part and reverse and remand in part.

First Security Bank (the Bank) owned two contiguous tracts of property in Tontitown, composed of 15.64 acres zoned for commercial use and 22.9 acres zoned for residential use. All of the property was unimproved land except for approximately 8.5 acres of the commercial parcel. The property shared a border with the City of Springdale (Springdale). On August 22, 2014, the Bank submitted a detachment request to the mayor of Tontitown pursuant to Ark. Code Ann. § 14-40-2002, stating that certain municipal services were not being provided to its property by Tontitown and that the services were available though

Springdale. On September 18, 2014, Tontitown responded to the request, and on December 29, 2014, the Bank filed a petition for declaratory judgment against Tontitown regarding the legal effect of Tontitown's response (the Prior Lawsuit). After a hearing in September 2015, the Washington County Circuit Court entered an order on October 28, 2015,[1] finding that Tontitown had committed to providing the requested services but had failed to take the requisite steps to provide these services.[2] On October 27, 2015, the City of Springdale passed an ordinance annexing the Bank's property.

On November 16, 2015, Tontitown filed a petition challenging Springdale's annexation pursuant to Ark. Code Ann. § 14-40-2004, naming Springdale and the Bank as defendants.[3] Although Tontitown forwarded a "courtesy copy" of the petition to the Bank's attorney, it never served the Bank. The Bank filed an answer, asserting both insufficiency of process and insufficiency of service of process and asserting lack of personal jurisdiction. It also stated that the petition was barred by the doctrine of res judicata because the issues had been litigated and had resulted in a final judgment in the Prior Lawsuit. The Bank then filed several motions, including a joint motion with Springdale for summary judgment and dismissal, alleging that most of the issues in the lawsuit had already been decided in the Prior Lawsuit and that the remaining allegations did not satisfy the fact-pleading rules or state facts upon

---

[1]The circuit court orally ruled on the petition on September 23, 2015.

[2]The appeal of that case is being handed down today in *City of Tontitown v. First Security Bank*, 2017 Ark. App. 333.

[3]During the course of the litigation, the Bank sold the improved commercial property to Hillcrest Holdings, LLC (Hillcrest), which was added as a defendant.

which relief could be granted. Tontitown responded to the motion, arguing that its lawsuit was not barred by the doctrines of claim preclusion or issue preclusion and that its petition alleged facts sufficient to bring a cause of action pursuant to the statute. The Bank also filed a motion to deny Tontitown's request for a jury trial, contending that the issue of whether the annexation complied with the annexation statutes was a decision to be made by the court, not a jury.

Finally, on March 24, 2016, the Bank filed a motion to dismiss with prejudice because, while a summons had been issued when the lawsuit was filed on November 16, 2015, the summons was never served on the Bank. The Bank argued that because service had not been perfected within the 120 day period allowed by Ark. R. Civ. P. 4(i), the action had never properly commenced; the twenty-day period within which a petition challenging annexation had to be filed had expired, *see* Ark. Code Ann. § 14-40-2004(c), and therefore the cause of action was time-barred; the savings statute was inapplicable; and thus the Bank was entitled to dismissal with prejudice. Tontitown argued that the Bank had waived any objections to service by seeking affirmative relief and that the Bank's counsel had accepted service. Tontitown contended that, in the event the circuit court granted the Bank's motion to dismiss, the savings statute applied and the dismissal should have been without prejudice.

The circuit court granted the Bank's motion and dismissed the petition with prejudice as to the Bank. Immediately after the dismissal, Springdale and Hillcrest filed a joint motion to dismiss contending that the Bank was a "necessary and required party" in the action pursuant to Ark. Code Ann. § 14-40-2004(b)(1)(B), and therefore there could be no hearing

without the Bank. They argued that the court must dismiss the entire case with prejudice. The circuit court granted the motion and dismissed Tontitown's petition with prejudice. Tontitown filed this appeal from both of the court's orders.

Tontitown argues that the circuit court erred in dismissing the Bank and in subsequently dismissing Springdale and Hillcrest. Our appellate courts review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard, but when a complaint is dismissed on a question of law, we conduct a de novo review. *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, at 5, 446 S.W.3d 640, 642.

We turn first to the court's order dismissing the Bank. Service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003). Further, service requirements set out by rules, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Dobbs v. Discover Bank*, 2012 Ark. App. 678, at 2–3, 425 S.W.3d 50, 52. Rule 4(i) of the Arkansas Rules of Civil Procedure requires that service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. *Smith*, 353 Ark. at 709, 120 S.W.3d at 530. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 6, 306 S.W.3d 428, 431.

In this case, Tontitown did not serve the Bank. Tontitown argues that the Bank's counsel accepted service for the Bank, but there is no evidence to support this argument.

SLIP OPINION

Tontitown's counsel mailed a letter to the attorney who represented the Bank in the Prior Lawsuit with a copy of the petition, stating in the letter that counsel had enclosed a "courtesy copy" of the petition. This does not constitute sufficient service pursuant to Rule 4.

Tontitown also argues that the Bank waived its objections to service by filing joint motions for summary judgment and dismissal and by filing a motion denying Tontitown's demand for a jury trial. A defendant may waive invalid service of process by seeking affirmative relief and thereby subjecting itself to the jurisdiction of the court. *Nichols v. Lea*, 216 Ark. 388, 392, 225 S.W.2d 684, 687 (1950). The determining factor regarding whether a defendant has waived its rights and entered its appearance is "whether the defendant seeks affirmative relief, that is, whether the pleading filed is more than a defensive action." *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 141, 865 S.W.2d 643, 645 (1993). An example of affirmative relief is the filing of a cross-complaint or a counterclaim. *Id.*; *Nichols*, 216 Ark. at 392, 225 S.W.2d at 687. Here, the Bank properly preserved its position by asserting in its answer lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The Bank's denial of Tontitown's request for a jury trial, rather than a bench trial, and its assertion of defenses in joint motions for summary judgment and dismissal were not requests for affirmative relief. The Bank did not waive its objection to service of process.

Finally, Tontitown argues that the circuit court erred in dismissing the petition with prejudice rather than without prejudice for two reasons: (1) the language in Rule 4(i) specifically requires the dismissal to be without prejudice, and (2) it is entitled to use the

SLIP OPINION

savings statute,[4] which allows a plaintiff to file a new lawsuit within one year of dismissal if the initial lawsuit was commenced within the relevant statute-of-limitations period. Rule 4(i) provides that, if service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant "without prejudice." Ark. R. Civ. P. 4(i)(1) (2016). But, the "without prejudice" language of 4(i) does not apply if the plaintiff's action is otherwise barred by the statute of limitations, as it is here. *Cagle v. Terwilliger*, 2015 Ark. App. 191, at 4, 458 S.W.3d 770, 772; *see also Green v. Wiggins*, 304 Ark. 484, 489, 803 S.W.2d 536, 539 (1991). Act 779 requires a petition challenging annexation to be filed "no later than twenty (20) days" after the adoption of the ordinance annexing the property. Ark. Code Ann. § 14-40-2004(c). Springdale's ordinance was adopted on October 27, 2015. The circuit court's order dismissing the Bank was entered on April 19, 2016, more than twenty days after adoption of the ordinance.

Tontitown argues that the savings statute tolls the limitations period because it commenced the lawsuit on November 16, 2015, within the limitations period. In order for the savings statute to apply, the plaintiff must have filed the complaint within the statute of limitations period and "completed timely service" on the defendant. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993). When timely service was completed and later determined to be defective, the savings statute may still apply. *See, e.g.*, *Jones v. Douglas*, 2016 Ark. 166, 489 S.W.3d 648; *Clouse v. Tu*, 101 Ark. App. 260, 274

---

[4]Ark. Code Ann. § 16-56-126 (Repl. 2005).

S.W.3d 344 (2008). In the case at bar, Tontitown did not complete any service at all. Thus, the savings statute does not apply. We affirm the circuit court's order dismissing the petition against the Bank with prejudice.

Tontitown also argues that the circuit court erred in dismissing Springdale and Hillcrest because the statute does not require the Bank to be a party with regard to the part of the property sold to Hillcrest. We first construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *City of Jacksonville v. City of Sherwood*, 375 Ark. 107, 113, 289 S.W.3d 90, 94–95 (2008). When the language of a statute is plain and unambiguous, conveying a clear and definite meaning, we do not resort to the rules of statutory construction. *Id.* If there is an ambiguity, we look to the legislative history of the statute and other factors, such as the language used and the subject matter involved. *Id.* Finally, we strive to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Id.*

Section 14-40-2001 states that the purpose of the subchapter is "to assist landowners to obtain municipal services by making the services reasonably available." Ark. Code Ann. § 14-40-2001. Section 14-40-2004(b)(1) provides the following regarding these petitions:

> (A) Upon petition of either affected municipality, the landowner or group of landowners, or its representatives, the circuit judge shall hold a hearing or series of hearings related to the provisions of this subchapter.

> (B) The municipalities, the landowner who requested annexation, and a landowner who began owning land after the annexation request are parties to the hearings.

Ark. Code Ann. § 14-40-2004(b)(1).

Although the statute provides that the municipalities, the landowner who requested

annexation, and a landowner who began owning land after the annexation request "are parties," the Act nowhere requires all of them to be or remain parties in every lawsuit filed under the Act. The statute does not use the words "shall be parties," and we will not read those words into the statute. Hillcrest purchased the improved part of the commercial tract from the Bank; the property was given a separate parcel number in the Washington County real estate tax records; and the Bank retained no interest in that parcel. We hold that the circuit court erred in dismissing Hillcrest and Springdale solely because the Bank was dismissed from the case. We express no opinion regarding how the Bank's not being a party may otherwise affect the case or whether the annexation complies with Ark. Code Ann. §§ 14-40-2002 and 2004.

Affirmed in part; reversed and remanded in part.

KLAPPENBACH and HIXSON, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Robert K. Rhoads* and *M. Scott Hall*, for appellant.

*Millar Jiles, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for separate appellees First Security Bank and Hillcrest Holdings, LLC; *Ernest B. Cate*, City Attorney, for separate appellee City of Springdale.