Cite as 2021 Ark. App. 363

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-20-461

| | |
|---|---|
| | OPINION DELIVERED SEPTEMBER 29, 2021 |
| SCOTT CARTER AND SUSAN SHAY CARTER, INDIVUALLY AND ON BEHALF OF THEIR MINOR CHILD, COLTON CARTER, AND AS CO-GUARDIANS OF THE ESTATE OF COLTON CARTER<br><br>APPELLANTS | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CV-05-63] |
| V. | HONORABLE HAROLD S. ERWIN, JUDGE |
| DR. JEFFERY C. LIVINGSTON; DR. LUIS LOPEZ; AND NATIONAL HEALTHCARE OF NEWPORT, INC., D/B/A HARRIS HOSPITAL<br><br>APPELLEES | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Scott Carter and Susan Shay Carter, individually and on behalf of their minor child, Colton Carter, and as co-guardians of the estate of Colton Carter (Carters), appeal the Jackson County Circuit Court's October 27, 2017 order granting summary judgment in favor of National Healthcare of Newport, Inc., d/b/a Harris Hospital (Hospital). The Carters attempt to argue that (1) it was erroneous for the trial court to rule that the summons served on the Hospital was insufficient, resulting in a dismissal with prejudice of the Carters' complaint; (2) the Hospital, by its actions over the course of twelve years of litigation, waived any objections to insufficiency of process, and the trial court's ruling to the contrary

is erroneous; and (3) the trial court erred in its construction and administration of the Arkansas Rules of Civil Procedure. We affirm.

I. *Facts and Procedural History*

After nonsuiting their first lawsuit against the Hospital in 2004, the Carters filed the present lawsuit against the Hospital and several other defendants on April 6, 2005. This appeal relates only to the Carters' claims against the Hospital. The summons that the Carters served on the Hospital omitted the name and address of their attorney, despite the requirement in Arkansas Rule of Civil Procedure 4(b) (2005) that the summons include that information. On April 20, the Hospital answered the complaint and asserted the defense of insufficiency of process under Arkansas Rule of Civil Procedure 12(b)(4). The parties then litigated the Carters' claims.

On February 7, 2017, the Hospital filed a motion for summary judgment arguing that the defective summons required the dismissal of the case with prejudice because of the previous dismissal. The Carters responded to the motion, and the trial court held a hearing on October 3. At the hearing, counsel for the Carters acknowledged that "it's true that the summons didn't contain my name and the address of my law firm." But he argued that the inclusion of that information in the complaint somehow cured the omission in the summons. He also argued that the Hospital had waived the defense by litigating the case before filing its motion. The trial court asked about the application of *Dobbs v. Discover Bank*, 2012 Ark. App. 678, 425 S.W.3d 50, and counsel for the Hospital noted that *Dobbs* held that a summons was defective because it omitted the plaintiff's attorney's address and that

2

the *Dobbs* court had rejected the argument that inclusion of that information in the complaint cured the omission in the summons.

On October 27, the trial court entered an order dismissing the Carters' claims against the Hospital with prejudice. Because the Carters had other claims pending against a different defendant, the dismissal of the Hospital was not a final judgment. The other claims remained before the trial court for more than two years before the parties settled and dismissed them on March 9, 2020. Because that order resolved the last remaining claims, it constituted the final judgment. During the period between the dismissal of the Hospital and the entry of final judgment, the Carters did not ask the trial court to reconsider its dismissal of the claims against the Hospital given the adoption of a substantial-compliance standard for Rule 4 that took effect in January 2019. Instead, on March 24, they appealed from the final judgment to challenge the dismissal of the Hospital.

## II. *Discussion*

Rather than address the *Dobbs* case to distinguish it, the Carters make the same arguments that failed in that case. Along with those arguments, the Carters now argue for the first time on appeal that the new substantial-compliance standard in Arkansas Rule of Civil Procedure 4(k) (2019) should apply retroactively so as to reverse the order of dismissal that was entered before the adoption of that rule. The Carters also argue that the Hospital waived its defense by seeking affirmative relief. Finally, the Carters claim that the trial court erred by following this court's decision in *Dobbs* because summons deficiencies are "mere technicalities."

3

A. Application of Strict-Compliance Standard to Summons

Despite the Carters' attempted reliance on multiple authorities to support their argument for reversal of the trial court's order of dismissal, the analysis of this case requires no more authority than the version of Rule 4 that was in effect when the summons was served and this court's opinion in *Dobbs*, *supra*.

The law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Ligon v. Bloodman*, 2021 Ark. 124, at 7 (citing *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, at 4–5, 370 S.W.3d 257, 260). The requirements of Rule 4 regarding summonses "must be strictly construed and compliance with them must be exact." *Dobbs*, 2012 Ark. App. 678, at 3, 425 S.W.3d at 52 (citations omitted). Because the version of Rule 4(b) in place at the relevant time required that a summons "shall . . . state the name and address of the plaintiff's attorney, if any," any summons issued had to have that information to comply with the requirements for service of process.

This court applied that strict-compliance standard to a summons that violated Rule 4(b) because it omitted the address of the plaintiff's attorney. *Dobbs*, 2012 Ark. App. 678, at 5, 425 S.W.3d at 53. The *Dobbs* court reversed a trial court ruling that the summons sufficed despite the omission of the attorney's address because "this information is required by the rule." *Id*. at 5–6, 425 S.W.3d at 53. And the court rejected the argument that "the lack of its attorney's address [was] immaterial because the address [was] listed on the complaint that was attached to the summons" because "nothing in the plain language of the rule appears to permit the required information to merely be incorporated from somewhere else." *Id*.

4

The summons at issue in this case is fatally defective for the same reason, except here, the Carters' summons omitted *both* the name *and* the address of their attorney, and not merely the address as in *Dobbs*. The Carters acknowledge in their brief that "there is no dispute, of any kind, that the summons issued to the Hospital omitted the name and address of [their] attorney." That undisputed omission makes the summons defective and required dismissal of the case.

The Carters cannot avoid that result by making the same failed argument as in *Dobbs*, claiming that the summons and the complaint "should be considered one document" so that the complaint supplements and, in effect, rehabilitates the deficient summons. As we held in *Dobbs*, Rule 4 does not permit supplementation of a deficient summons by incorporating the missing information "from somewhere else." The information required by the version of Rule 4 that was in effect at the time must have appeared on the face of the summons; the Carters failed to comply with that standard. Their failure to comply with Rule 4's requirements made the summons defective, and that defect mandated dismissal.

## B. Retroactive Application of the Current Version of Rule 4(k)

The Carters likewise cannot avoid the effect of their defective summons by retroactively applying Rule 4(k)'s new substantial-compliance standard to an order entered more than a year before that rule took effect. There is no indication that the Arkansas Supreme Court intended to apply the new Rule 4(k) retroactively, and to do so would deprive the Hospital of its vested right in its defense to the Carters' claims.

We hold that the Carters have failed to overcome the strong presumption against retroactive application of our court rules. Under that presumption, court rules apply

5

prospectively unless "retroactive effect is stated or implied so clearly and unequivocally as to eliminate any doubt." *JurisDictionUSA, Inc. v. Loislaw.com, Inc.*, 357 Ark. 403, 411, 183 S.W.3d 560, 565 (2004) (citing *Bean v. Office of Child Support Enf't*, 340 Ark. 286, 296, 9 S.W.3d 520, 526 (2000)). We note that nothing in Rule 4(k) suggests that our supreme court intended it to apply retroactively. To the contrary, it announced the new provision on June 21, 2018, but did not make it effective until January 1, 2019. *See In re Recommendations of the Comm. on Civ. Prac.*, 2018 Ark. 239, at 1 (per curiam). The prospective adoption of the new Rule 4(k) clearly supports the intent to apply it prospectively from the effective date, rather than retroactively.

We find no merit in the Carters' attempt to avoid the general presumption against retroactivity by pointing to an exception for procedural or remedial legislation. Our supreme court has held that such an exception does not apply if retroactive application would "disturb vested rights." *JurisDictionUSA*, 357 Ark. at 411, 183 S.W.3d at 565. "In this context, a vested right exists when the law declares that one has a claim against another, or it declares that one may resist the enforcement of a claim by another." *Forrest City Mach. Works, Inc. v. Aderhold*, 273 Ark. 33, 41, 616 S.W.2d 720, 724 (1981). Essentially, a rule cannot be applied retroactively if doing so would deprive a party of a defense to a claim. *See, e.g.*, *Johnson v. Lilly*, 308 Ark. 201, 204, 823 S.W.2d 883, 885 (1992) (holding that a statute could not apply retroactively to revive a claim that was time-barred).

The retroactive application of Rule 4(k) to the defective summons in this case would deprive the Hospital of a defense to the Carters' claims. When the new rule took effect in January 2019, the order dismissing the claims against the Hospital for defective process was

6

already more than a year old. We cannot honor the Carters' request of this court to nullify that order and eliminate the Hospital's defective-process defense by applying the new rule retroactively because to do so would disturb the Hospital's vested right in its defense.

## C. Potential Waiver-of-Service Defense by Defending the Case

The Carters next claim that the Hospital waived its service defense by defending the case before filing a motion asserting the defense. We disagree and point out that the rules of civil procedure do not necessitate that the Hospital move to dismiss on the basis of defective service at the start of the case. All the Hospital was required to do in order to preserve its defense under Arkansas Rule of Civil Procedure 12(h) was to assert it in the original responsive pleading. *See Johnson v. Schumacher Grp. of Ark., Inc.*, 2019 Ark. App. 545, at 11, 589 S.W.3d 470, 477 (citing *Wallace v. Hale*, 341 Ark. 898, 899–900, 20 S.W.3d 392, 394 (2000)). The Hospital did exactly that, stating in its answer:

> Pleading affirmatively, [the Hospital] states that plaintiffs' Complaint should be dismissed for insufficiency of process and insufficiency of service of process, pursuant to Rule 12(b)(4) and 12(b)(5) of the Arkansas Rules of Civil Procedure.

Because the Hospital preserved its defense by asserting it in the original answer, the Carters argue that the Hospital waived the defense by proceeding with the case. That argument fails because the Hospital never sought affirmative relief from the trial court. A party seeks affirmative relief when it takes "more than a defensive action." *Wallace*, 341 Ark. at 900, 20 S.W.3d at 394. Moreover, a party seeks affirmative relief when it asserts claims, such as filing a counterclaim, a cross-claim, or a third-party complaint. *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, at 5, 525 S.W.3d 18, 22.

7

None of the Hospital's actions that the Carters rely on in their brief requested affirmative relief, including requests for admission; notices of deposition; a motion for summary judgment (including responding to a motion to strike that motion); combining a response to a motion for protective order with a motion to compel; and a motion to exclude evidence. Our supreme court has held that participating in discovery is not a request for affirmative relief. *See Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 141, 865 S.W.2d 643, 645 (1993). Moreover the "assertion of defenses in joint motions for summary judgment and dismissal [are] not requests for affirmative relief." *City of Tontitown*, 2017 Ark. App. 326, at 5, 525 S.W.3d at 23. Nor is a response to a motion for protective order or a motion to compel production request considered affirmative relief. *Johnson*, 2019 Ark. App. 545, at 12, 589 S.W.3d at 477. Although Arkansas courts have not addressed whether a motion in limine seeks affirmative relief under this standard, we hold that *Tontitown*'s logic on motions for summary judgment applies here as well because a motion in limine is a defensive action rather than a request for affirmative relief.

Because the Carters have failed to identify a single action taken by the Hospital that amounts to a request for affirmative relief, we hold that it did not waive its defense. The Hospital engaged in the litigation activities that the previous decisions of the Arkansas appellate courts allow it to do—"preserve the defense of insufficiency of process by raising it in [the] responsive pleading[] and later moving to dismiss the case." *Johnson*, 2019 Ark. App. 545, at 11, 589 S.W.3d at 477. Participating in the case in the interim without requesting affirmative relief preserved that defense.

D. Application of Controlling Precedent Interpreting the Requirements of Rule 4

Finally, the Carters argue that the trial court erred in its interpretation of Rule 4's requirements for the contents of a summons. We disagree and hold that the trial court merely applied the controlling precedent of the Arkansas appellate courts requiring strict compliance with Rule 4's service and process requirements that were in effect when the summons was issued. *Dobbs*, *supra*, is directly on point and mandated the trial court's dismissal of the action against the Hospital. Ruling otherwise would have been reversible error.

Although the Carters never argued before the trial court that *Dobbs* should be overturned and do not explicitly argue that point here, they do argue implicitly that this court should either overturn or ignore *Dobbs* because of a perceived conflict with Arkansas Rule of Civil Procedure 1's mandate that the rules of civil procedure should "be construed and administered to secure the just, speedy and inexpensive determination of every action." The Carters claim that this general philosophical approach requires a different result than in *Dobbs* "to avoid a decision on the merits on the basis of mere technicalities." But we reiterate that service of valid process is necessary to establish personal jurisdiction over a defendant. *Ligon*, *supra*. And personal jurisdiction is not merely a technicality; rather, it is "an essential element" of a court's jurisdiction over a case "without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

We fail to see how Rule 1 provides a basis for overriding other provisions of our rules of civil procedure designed to ensure that Arkansas courts have personal jurisdiction over defendants. We hold that under the facts of this case, the trial court correctly interpreted

9

the version of Rule 4 in effect at the time and appropriately applied this court's interpretation of the rule as stated in *Dobbs*. Accordingly, we affirm.

Affirmed.

M<small>URPHY</small> and B<small>ROWN</small>, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*, and *Jason B. Hendren*, for separate appellee Healthcare of Newport, Inc.