Circ. 10/03/2024

Cite as 2024 Ark. App. 501
# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-22-648

KIMBRA DOLAN

**Opinion Delivered** October 23, 2024

APPELLANT

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
ELEVENTH DIVISION
[NO. 60CV-17-2004]

V.

LICHTSINN MOTORS, INC.;
WINNEBAGO INDUSTRIES, INC.;
AND MERCEDES-BENZ USA, LLC

HONORABLE PATRICIA JAMES,
JUDGE

APPELLEES

AFFIRMED IN PART; APPEAL
DISMISSED WITHOUT PREJUDICE
IN PART; MOOT IN PART

## BRANDON J. HARRISON, Chief Judge

In November 2014, appellant Kimbra Dolan and her husband, Leslie Dolan, traveled to Forest City, Iowa to buy a recreational vehicle from appellee Lichtsinn Motors, Inc. The vehicle was manufactured by Winnebago Industries, Inc., on a Mercedes-Benz USA, LLC, chassis. Kimbra and Leslie signed the purchase agreement in Iowa after contacting Lichtsinn by phone and email from Arkansas. The purchase agreement included a new vehicle limited warranty (NVLW) from Winnebago that required any warranty claims to be brought in Winnebago County, Iowa.

In April 2017, Kimbra sued Lichtsinn, Winnebago, and Mercedes-Benz in Pulaski County, where she lived—and was simultaneously suing Leslie for divorce. She alleged the vehicle was a lemon (a big sour one). In two and a half years, it had been out of service

more than three hundred days and repaired at least twelve times. She claimed the defendants acted negligently or worse in every act that contributed to the vehicle's existence, her awareness of it, or her opportunity to buy it.[1] The claims included breach of express warranty and implied warranties of merchantability and fitness for a particular purpose.

Both Lichtsinn and Winnebago sought to dismiss Kimbra's complaint for want of personal jurisdiction under Arkansas Rule of Civil Procedure 12(b)(2), and Winnebago argued venue was improper because of the forum-selection clause in the NVLW. All defendants contended Leslie, who owned the vehicle with Kimbra, was a necessary party. The court ordered him joined as a plaintiff.

The proceedings stretched on for years. In Year Two, our supreme court recognized a tougher standard for specific personal jurisdiction in *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, 569 S.W.3d 865, after the United States Supreme Court vacated our judgment that applied an easier one and remanded for further consideration given the Court's holding in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017).

Eventually, Kimbra agreed with Mercedes–Benz on a lump-sum settlement. But Mercedes–Benz was not willing to pay it outright, because Leslie's rights to the vehicle remained unadjudicated, and no one could locate him to get his consent. Kimbra moved to enforce the settlement; Mercedes–Benz moved to interplead the funds. The court granted interpleader.

---

[1]Our summary. She detailed the acts and some omissions.

The court agreed with Winnebago and Lichtsinn that it lacked personal jurisdiction over either defendant and agreed venue was improper for Winnebago. It dismissed Kimbra's claims against them without prejudice and certified those orders for immediate appeal under Arkansas Rule of Civil Procedure 54(b).

Kimbra appealed both Rule 12(b) grounds for dismissal. We do not decide whether venue was proper because we affirm the personal-jurisdiction ruling, which means we don't need to reach the venue issue.

Kimbra appeals the interpleader order too, but we dismiss that part of the appeal. Briefly, interpleader is a two-step process. *So. Farm Bureau Ins. Co. v. Parson*, 2015 Ark. App. 95. This is a step-one order. It provides that the claims against Mercedes-Benz "will be dismissed with prejudice" when the settlement is paid into the court and that the court "will determine" how the Dolans will split the settlement proceeds. The court "will" do those things—as in, will do them "in the future." The order is not final for appeal because it does not conclude the parties' rights to the matter in controversy or end even the interpleader proceedings. *So. Farm Bureau Cas. Ins. Co. v. Easter*, 369 Ark. 101, 104, 251 S.W.3d 251, 253 (2007).

## I.

The supreme court's opinion in *Lawson*, 2019 Ark. 84, 569 S.W.3d 865, did more than acknowledge a stricter standard to assert specific personal jurisdiction over out-of-state defendants. It also held that the circuit court can consider extrinsic proof in the jurisdictional analysis, overruling decisions that had held that doing so would convert the Rule 12(b)(2) motion to a summary-judgment motion. *Id.* at 3–4, 569 S.W.3d at 868. In fact, the court

3

*must* find whether personal jurisdiction exists, even if that requires it to hear testimony or resolve disputed factual issues. *Id*. at 5–6, 569 S.W.3d at 869. A jurisdiction finding based on undisputed facts is reviewed de novo regardless. Here, the facts relevant to whether personal jurisdiction exists are essentially undisputed.

Kimbra contends the circuit court erred in granting Lichtsinn's and Winnebago's motions to dismiss for want of personal jurisdiction because both defendants are subject to both general and specific jurisdiction in Arkansas and, alternatively, waived that defense. We address waiver first.

## A. Waiver or Forfeiture of the Rule 12(b) Defense*s*

Kimbra contends Lichtsinn and Winnebago waived their defense of want of personal jurisdiction under Arkansas Rule of Civil Procedure 12(b)(2) by moving for joinder of her husband Leslie. To forfeit or waive a Rule 12(b) defense through litigation conduct, a party must request "affirmative relief," meaning something "'more than a defensive action' that is inconsistent with a defendant's assertion that the circuit court lacked personal jurisdiction over him." *Johnson v. Schumacher Grp. of Ark., Inc.*, 2019 Ark. App. 545, at 11–12, 589 S.W.3d 470, 477 (citation omitted).

What does that mean? Filing a nonvoluntary pleading like a compulsory counterclaim does not waive the Rule 12(b) defenses. *Ark. Game & Fish Comm'n v. Lindsey*, 292 Ark. 314, 319, 730 S.W.2d 474, 477 (1987). Filing a noncompulsory counterclaim, cross-claim, or third-party claim in which the defendant "'invokes the jurisdiction of the court' and thereby 'submits to it'" does waive them. *Johnson*, 2019 Ark. App. 545, at 12, 589 S.W.3d at 477.

4

Motions for protective order and requests for attorney's fees fall on the no-waiver side. *Id.* So do a range of acts defending litigation and participating in discovery, including moving for summary judgment, combining a response to a motion for protective order with a motion to compel, and moving in limine to exclude evidence. *Carter v. Livingston*, 2021 Ark. App. 363, at 7–9, 635 S.W.3d 351, 357–58.

Arkansas Rule of Civil Procedure 19(a) states:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party.

Ark. R. Civ. P. 19 (2024). Our appellate courts have consistently recognized the importance of joining indispensable parties. *See, e.g.*, *Nolan v. 2600 Holdings, LLC*, 2024 Ark. 50, 686 S.W.3d 499. It ensures that all who will be materially affected by litigation are made parties to it. *Id.* at 5, 686 S.W.3d at 502. The need to join an indispensable party cannot be waived. What's more, the circuit court or appellate court must raise the issue sua sponte if necessary. *Vibo Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, 380 S.W.3d 411; *Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888.

Leslie Dolan co-owned the Winnebago throughout these proceedings. As far as we know, he still does. His separation agreement with Kimbra gives her possession of the vehicle but does not address ownership. In his absence, appellees could be subject to "a

substantial risk of incurring double, multiple or otherwise inconsistent obligations." Ark. R. Civ. P. 19(a).

It is not inconsistent for a defendant to object that a court has no jurisdiction but prefer to endure only one trial to a void judgment there. Alerting the circuit court to Leslie's absence, and the facts that made joinder compulsory under Rule 19(a), did not request "affirmative relief" in the relevant sense or waive Lichtsinn's and Winnebago's Rule 12(b) defenses. *See Carter*, 2021 Ark. App. 363, at 8–9, 635 S.W.3d at 358 (citing *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, 525 S.W.3d 18).

### B. Personal Jurisdiction

Kimbra argues the circuit court erred in substance by finding that neither Lichtsinn nor Winnebago was subject to personal jurisdiction in Arkansas. She claims it operates online stores and encourages RV sales nationwide. That would include Arkansas. She claims its website allows purchases of RVs and RV parts online and allows customers to begin the financing process through various lending institutions. Lichtsinn's website includes a map of the United States with pushpin symbols identifying where past customers live. Some live in Arkansas. The site includes customer reviews. Some reviewers are from Arkansas.

Kimbra argued for personal jurisdiction over Winnebago because it distributes RVs and RV parts to three independent dealers in Arkansas, receives sales profits from those dealers, and requires its independent dealers to provide (or otherwise arrange for) full service for its RVs. She asserts that Winnebago agrees to repurchase RVs that have been returned, and acknowledges that this might be limited by state law. Kimbra contends that the Dolans'

travel to Iowa to complete the purchase has no bearing on personal jurisdiction because Lichtsinn and Winnebago encourage customers to do that.

The record reflects that Kimbra and Leslie Dolan traveled to Forest City, Iowa, to purchase the vehicle from Lichtsinn. Even if sales can be made to Arkansans through Lichtsinn's and Winnebago's websites, that would not itself establish specific personal jurisdiction here. Kimbra provided no evidence that either defendant directly markets to or specifically targets customers in Arkansas.

Most courts hold that specific personal jurisdiction "does not attach simply because a defendant operates a commercial website that is, at some level, interactive and allow[s] for sales into the forum state" as well as "any other state at large." *Allied Ins. Co. of Am. v. JPaulJones L.P.*, 491 F. Supp. 3d 472, 477 (E.D. Mo. 2020). Only where there is evidence the defendant "targets" a specific forum with the website by, for example, "tak[ing] action to maximize usage of the website in the forum" or "put[ting] forum-specific content in the website," can those contacts support specific jurisdiction. *Id.* (quoting *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 556 (E.D. Pa. 2018)).

Similarly, the emails between Lichtsinn and Kimbra are insufficient to support specific jurisdiction. Lichtsinn did not solicit the sale by email. Instead, it responded to Kimbra's inquiries later—at least one of which indicates Kimbra sent it from Ohio. But "use of arteries of interstate mail and banking facilities, standing alone," won't satisfy due process in asserting long-arm jurisdiction over a nonresident. *Goodwin v. Magness Oil Co.*, 2018 Ark. App. 303, at 7, 552 S.W.3d 26, 30–31 (quotation omitted). The nonresident's

emails and social-media posts that simply reach the state is likewise insufficient. *Id*. at 7, 552 S.W.3d at 31.

The fact that the Dolans did not buy the vehicle in Arkansas is not dispositive either, however. In *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021), a case no party cited, the Supreme Court of the United States rejected the notion that specific jurisdiction of a suit against an automobile manufacturer could attach only in the state of first sale. *Id*. at 361–62. Whether the circuit court could assert personal jurisdiction over either defendant is almost wholly decided by the discussion and holding in *Ford Motor Co.*

In the underlying suit, the plaintiff alleged that Ford's design defects, failure to warn, and negligence contributed to a fatal rollover accident involving a 1996 Ford Explorer. Ford had designed the Explorer in Michigan and manufactured it in Kentucky. *Id*. at 356–57. It was first sold in Washington. *Id*. at 357. Only through "later resales and relocations by consumers" had it come to Montana. *Id*.

All parties agreed Ford was not subject to general jurisdiction. Under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), only "a select set of affiliations with a forum" would expose a defendant to general jurisdiction, meaning, for corporate defendant, its "place of incorporation and principal place of business." *Ford Motor Co.*, 592 U.S. at 358–59 (cleaned up). For Ford, those states were Delaware and Michigan. *Id*. at 359. For Lichtsinn and Winnebago, both places are Iowa. The circuit court did not err by concluding they were not subject to general jurisdiction in Arkansas.

Specific jurisdiction is a closer question—at least for Winnebago. The Court decided Montana *could* assert specific personal jurisdiction over Ford for personal-injury claims

involving its vehicles, based on contacts similar to those between Winnebago and Arkansas, including that Ford advertised in the state, sold vehicles there through dealerships, provided service through certified dealers, and sold spare parts. *Id.* at 364–66. Ford argued that under *Bristol-Myers*, 582 U.S. 255, the plaintiff had to prove its forum conduct "gave rise to the plaintiff's claims" in a causal sense—to prove, in other words, that Ford had not just sold a lot of cars in Montana but had sold *this car* in Montana. *Id.* at 361. In Ford's view, the plaintiff had to link the car to Ford's forum contacts to prove specific jurisdiction the same way the plaintiff would have to prove the car was a Ford at trial to establish liability.

The Supreme Court of the United States rejected that argument. It held the allegation that the Montana resident plaintiff "suffered in-state injury because of defective products that [the company] extensively promoted, sold and serviced" in that state met the relatedness prong of the requirement that a suit either "arise out of *or relate to* the defendant's contacts with the forum." 592 U.S. at 362 (quoting *Bristol-Myers*, 582 U.S. 255). The Court noted that it had characterized this kind of suit against a foreign car company for an in-state accident as "an illustration—even a paradigm example—of how specific jurisdiction works." *Id.* at 366 (citing *Daimler AG*, 571 U.S. at 127 n.5).

Still earlier, the Supreme Court had decided in a product-liability collision suit that the foreseeability that a moveable object might malfunction does not make the seller amenable to suit everywhere, or "[e]very seller of chattels would in effect appoint the chattel his agent for service of process." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296 (1980). The mere "unilateral activity of those who claim some relationship with a

9

nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.* at 298 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

*World-Wide Volkswagen* established that specific personal jurisdiction over an out-of-state *car dealer* would not result simply because a defective car was driven here—dispositively, we think, with respect to Kimbra's claims against Lichtsinn. But the *Ford Motor Co.* Court noted that the opinion had contrasted the dealer's position with that of the car's manufacturer, which had not contested jurisdiction. *Ford Motor Co.*, 592 U.S. at 363 (citing *World-Wide Volkswagen*, 444 U.S. at 297). Where does that leave Winnebago?

The opinion in *Ford Motor Co.* is fresh, and we suspect that the test for what claims do or do not "relate to" a defendant's forum contacts will be contested (perhaps forever). *See, e.g.*, *id.* at 376 (Gorsuch, J., concurring) ("But what does this assortment of nouns mean? Loosed from any causation standard, we are left to guess."). Does the fact that *Ford Motor Co.*, like *World-Wide Volkswagen*, was a car-accident product-liability case suggest that when the Supreme Court held there was a close enough connection between the plaintiffs' allegations that "they suffered in-state injury because of defective products that Ford extensively promoted, sold, and serviced in Montana" and Ford's activities there, 592 U.S. at 1032, it used "injury" in a sense specific to that setting—"personal injury" or "bodily injury," for example? Both the majority opinion and Justice Alito, in concurrence, refer to the forum states' interest in providing redress for in-state injury caused by out-of-state actors. *See* 592 U.S. at 368 ("For [the States of first sale], the suit involves all out-of-state parties, an out-of-state accident, and out-of-state injuries."); *id.* at 372 (Alito, J., concurring) (challenging Ford's argument that Montana and Minnesota had no legitimate interest in the

10

suits given that "[*t*]*heir* residents, while riding in vehicles purchased within *their* borders, were killed or injured in accidents on *their* roads").

We ask because Kimbra's claims are not for "injury" in that sense. Her complaint includes a litany of product-liability boilerplate, including allegations that the vehicle was defectively designed and manufactured, and it was sold in a condition that broke express and implied warranties to her. But she does not claim injury from operating the vehicle. Her claim seems to be for injury buying a vehicle that won't operate—suffering "damages and non-use of the vehicle" because it won't start, for example.

The Supreme Court admonished in *Ford Motor Co.* that the absence of a need to prove a causal link to the defendant's forum contacts "does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* at 362; *but see id.* at 376 (Gorsuch, J., concurring) ("The majority promises that its new test 'does not mean anything goes,' but that hardly tells us what does.").

There is some evidence that Winnebago distributes RVs and RV parts to independent dealers in Arkansas and provides for them to be serviced here. Indeed, Kimbra's vehicle was serviced at some of those dealerships. Apparently, in Montana, thirty-six dealerships sell Fords. 592 U.S. at 365. In Arkansas, three dealerships sell Winnebagos. We don't know how many Winnebagos they sell. We know one they did not sell. The Dolans bought it "as is" in Iowa.

Kimbra's claim, at root, is for wrongfully selling it. She has driven her injury around much of the country since. We infer that maybe most of the time, she kept it parked at her

house in Sherwood.  Because Kimbra's lawsuit did not arise from or relate to Winnebago's contacts with Arkansas, we affirm the circuit court's finding that it lacked personal jurisdiction over Lichtsinn and Winnebago.

★ ★ ★ ★

Because Kimbra did not demonstrate that an Arkansas court can assert personal jurisdiction over Winnebago, we do not need to address whether Pulaski County was a proper venue for the claims against it, either.

We dismiss Dolan's appeal against Mercedes-Benz for lack of a final order.  We affirm the circuit court's dismissal of Dolan's claims against Lichtsinn and Winnebago for lack of personal jurisdiction, making the circuit court's findings on improper venue moot.

Affirmed in part; appeal dismissed without prejudice in part; moot in part.

THYER, J., agrees.

GRUBER, J., concurs without opinion.

*David A. Hodges* and *David Horn*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson* and *Antwan D. Phillips*, for separate appellee Mercedes–Benz USA, LLC.

*Hall Booth Smith, P.C.*, by: *Baxter D. Drennon* and *Joseph C. Stepina*, for separate appellees Lichtsinn Motors, Inc., and Winnebago Industries, Inc.